## JAMESTOWN VENEER & PLYWOOD CORPORATION v. ANDREWS.

### In re NYPENN FURNITURE CO.
### No. 6460.

Circuit Court of Appeals, Third Circuit.
Jan. 5, 1938.

Charles A. Wolfe and Robert T. Mc-Cracken, both of Philadelphia, Pa., for appellant.

C. E. Bordwell, A. G. Eldred, and Bordwell & Eldred, all of Warren, Pa., for appellee.

Before BUFFINGTON, THOMPSON, and BIGGS, Circuit Judges.

BUFFINGTON, Circuit Judge.

In this bankruptcy case it appears the bankrupt, (hereafter called Factory Company) engaged in the manufacture and sale of furniture, entered into a written contract with the appellant company (hereafter called Panel Company) in reference to certain panel veneer which was to be furnished by Panel Company to Factory Company and by it used in the manufacture of furniture. The contract provided:

"Agreement.

"For value received, the Nypenn Furniture Co. of Warren, Pa., hereby sells, assigns and transfers to the Jamestown Panel Co., Inc., of Jamestown, N. Y., hereinafter styled assignees, present and future orders for the furniture listed in the third paragraph of this agreement, together with all materials and labor entering into the manufacture of said dining room furniture, from the time manufacture is commenced until same are completed; and also the accounts which now, or will hereafter evidence and represent such goods and merchandise then completed and ready for shipment; also completed bed room furniture ready for shipment but not shipped. * * *

"It is further agreed by the Nypenn Furniture Co. that six months after date of the completing shipment the full purchase price of all goods and materials furnished by the Jamestown Panel Co., Inc., plus interest at 6% monthly balances starting 60 days after date of completing shipment.

"This sale, assignment and transfer is made, given and intended as a continuing and collateral security for the payment of the purchase price of all goods and materials that may be furnished by the Jamestown Panel Co. Inc. and used in the manufacture of the goods herein described to the extent as follows, plus 20% of selling price of each article, for selling expenses in event that the Jamestown Panel Company is forced to take charge of the merchandise."

Both companies so performed under this contract that at the date of Factory Company's bankruptcy it owed Panel Company $7,000. At that date Factory Company had uncollected accounts against its debtors for some $1,490.05 for furniture made under this contract. These accounts were collected and segregated by the bankrupt's trustee, and were claimed by Panel Company in a reclamation petition, which petition was denied by the court below by its approval of the referee's report and forms the first item of Panel Company's appeal.

In arriving at his conclusion the referee failed to observe the case of Greey v. Dockendorff, 231 U.S. 513, 34 S.Ct. 166, 167, 58 L.Ed. 339. Here, as there, the goods of the Panel Company would not have come into the possession of Factory Company had it not been for the agreement of the latter to assign. Here, as there, and as said by the Supreme Court, "the question here is whether successive assignments of accounts by way of security, in pursuance of a contract under which advances were made to enable the assignor to get the goods, on the faith of the undertaking that the accounts should be assigned, were bad because the contract embraced all accounts, although neither party contemplated any fraud. The rule of the English statutes as to reputed ownership may extend to debts growing due to the bankrupt in the course of his business, but we have no such statute. The advances were the means by which the bankrupt got the ownership of the goods. The contract of itself would operate as a conveyance as soon as the rights to which it applied were acquired. Field v. New York, 6 N.Y. 179, 57 Am.Dec. 435. * * * There was no active concealment and no attempt to mislead anyone interested to know the truth." In principle and in decisive facts we regard the present case as on all fours with this Supreme Court case. We accordingly hold the assigned accounts outstanding at bankruptcy and thereafter collected by the trustee be awarded to the Panel Company.

Having disposed of the assigned accounts, we next turn to the property on the premises at the time of the bankruptcy, which Panel Company now claims by virtue of the clause in the agreement which recites that to Factory Company Panel Company "hereby sells, assigns and transfers * * * completed bed room furniture ready for shipment but not shipped." These articles were sold by the trustee and the resultant fund was segregated. The claim of Panel Company was denied by the court, and it appealed therefrom.

From the facts and agreements it is clear that the panels which went into the finished furniture remaining on the premises at the date of the bankruptcy were sold by Panel Company to Factory Company, delivered to Factory Company, and the latter used them in the furniture in question. But it is equally clear that all other elements giving value to the furniture, such as labor, wooden frames, varnish, glue, stain, hardwood, were furnished by Factory Company. That title and ownership vested in the latter and Panel Company's claim to them rests on the assignment to it by the Factory Company. Indeed, claim by way of assignment is based on the fact of title and ownership by the assignor. But it is just here that the claim of the assignee, Panel Company, must yield to the Pennsylvania decisions holding that secret liens on property capable of delivery, remaining in the possession of the owner, are not valid. The panels in question, when delivered, were owned by the Factory Company. In exercising that ownership, Factory Company used them in connection with its material, labor, and the like to fabricate what it chose to plan, devise, and construct. If they had been levied on by an execution creditor, the alleged undisclosed, unrecorded lien of Panel Company could not have availed, and as the trustee's claim was the same as an execution creditor, the court below committed no error in denying Panel's reclamation claim.