## MARKOVITZ et al. v. TAYLOR.
### No. 6480.

Circuit Court of Appeals, Third Circuit.

Jan. 20, 1938.

Joseph S. Kleinbard, of Philadelphia, Pa., for appellants.

Joseph A. Keough and Levi, Mandel & Miller, all of Philadelphia, Pa., for appellee.

Before BUFFINGTON and DAVIS, Circuit Judges, and DICKINSON, District Judge.

DICKINSON, District Judge.

This case raises the question of the validity of assignments of accounts receivable by an assignor, which subsequently was adjudicated a bankrupt. The assignment authorized the assignor to collect the accounts, the proceeds, however, to be kept segregated. The assignor did make the collections, but did not segregate the proceeds. With the consent of the assignee, they were deposited in the assignor's general bank account, thus commingling them with its other funds. The proceeds of the collected accounts were demanded of the trustee in bankruptcy by the assignee. The claim was resisted by the trustee.

The referee ruled in favor of the allowance of the claim. This order was upon a petition for review reversed by the District Court and the reclamation petition dismissed. The present appeal is from this order of the District Court.

The ruling of the referee followed the case of Benedict v. Ratner, 268 U.S. 353, 45 S.Ct. 566, 69 L.Ed. 991, 6 A.B.R.,N.S., 9, and In re Hawley Down-Draft Co., 3 Cir., 238 F. 122, 38 A.B.R. 219, to which may be added a case in this court. The caption of the case is Jamestown Veneer, etc., Corporation v. Andrews, 3 Cir., 93 F.2d 989, decided January 5th, 1938.

The ruling of the District Court accepts the doctrine of these and the other cited cases, but differentiates them on the ground that in the instant case the assignor was permitted by the assignee to commingle the proceeds of the assigned accounts with the general funds of the assignor. This was not true of the cited cases. In the Jamestown Veneer, etc., Corporation v. Andrews Case, for illustration, the assigned "accounts were collected and segregated by the bankrupt's trustee." This feature is absent from the instant case, but, on the contrary, the collected moneys so far lost their identity that the assignee became no more than a creditor of the assignor.

The learned judge has so fully supported his ruling by his accompanying opinion that we see no need to retrace the ground he has so well covered.

The order of the District Court is affirmed, allowing the petition to review the order of the referee and reversing the same, and dismissing the reclamation petition of Jerome L. Markovitz and Regina Markovitz, the appellants.