Joseph O. JANOUSEK and Eunice
Janousek, Appellants,

v.

Weldon A. PRICE and Robert H. Detwiler,
Appellees.

No. 9534.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 12, 1964.

Decided Nov. 20, 1964.

John A. Kendrick, Washington, D. C.
(Joseph O. Janousek, Washington, D. C.,
on brief), for appellants.

Anthony J. Siciliano, Arlington, Va.
(John J. Daly, Robert L. Ellis, Arlington,
Va., Paul F. Sheridan, Washington, D. C.,
and Siciliano & Daly, Arlington, Va., on
brief), for appellee Weldon A. Price.

Charles H. Duff, Arlington, Va. (John
J. Brandt and Duff & Slenker, Arlington,
Va., on brief), for appellee Robert H.
Detwiler.

Before BOREMAN and BRYAN, Cir-
cuit Judges, and THOMSEN, District
Judge.

THOMSEN, District Judge.

This is an appeal from an order of the
district court entered on May 15, 1964,
denying a motion to vacate certain pro-
visions of an order entered on July 30,
1963. Motions to dismiss the appeal have
been filed. To understand the points
raised a tedious review of the prior pro-
ceedings is necessary.

On March 10, 1962, a judgment was
entered in the United States District
Court for the District of Columbia
against Weldon A. Price (one of the ap-
pellees herein), in favor of Susanne Ney-
land, as next friend of Michele Marie
Neyland, an infant, in the amount of
$20,000 and in favor of Herbert M. Ney-
land (the father of Michele) in the
amount of $100,000. The judgment fol-
lowed a jury verdict in an action for
personal injuries originally brought
against four defendant doctors, including
Robert H. Detwiler (the other appellee

herein). Detwiler was dismissed from the action because he had not been served, and the remaining defendants therein, other than Price, either were dismissed or received a favorable verdict from the jury.

The judgment against Price was registered in the United States District Court for the Eastern District of Virginia on May 7, 1963. On June 3, 1963, Joseph O. Janousek (one of the appellants herein) and John C. Webb entered their appearance as attorneys for the Neylands (the plaintiff-judgment creditor) and on July 3, 1963, caused a writ of fieri facias to be issued on the judgment against Price and two writs of garnishment to be issued, each directed to a bank, seeking to attach any funds of Price in the hands of the respective banks. Each bank filed an appropriate statement denying that it held any attachable assets of Price.

On July 12 and 15, Janousek and Webb, as attorneys for the Neylands, caused to be issued writs of garnishment against the two banks, alleging confusedly that Price and Detwiler were partners in a medical partnership and that the judgment against Price was obtained in a malpractice action against Price and Detwiler, partners in said medical partnership, seeking to attach any assets of the alleged partnership in the hands of the banks, and directing that copies of the writ of garnishment be served on Detwiler. On July 19 the attorneys for the Neylands caused a writ of fieri facias to be issued against the alleged partners, jointly and severally.

On July 22, 1963, Janousek and Webb filed a "notice of attorney's lien" in the proceeding in the Eastern District of Virginia alleging that Janousek had a contract with the Neylands (amount or percentage unspecified) and claiming a lien under Title 54, sec. 54–70, of the Code of Virginia.

On July 26, both banks, Detwiler, and Price filed separate motions to quash the second series of writs. On July 29, Janousek, as "attorney-lienor", in an effort to secure a delay, filed a statement in which he set out the claimed nature and extent of his services and those of the attorney (Galiher) whom he had engaged as trial counsel in the District of Columbia case. He further alleged that he had been dismissed as attorney by the Neylands. It appears from the record or from admissions made by Janousek's counsel in this Court that Price's insurer had paid into the District of Columbia court $20,000 and interest in full payment of the judgment in favor of Michele and $50,000 and interest on account of the judgment in favor of Herbert Neyland; that Janousek's attorney of record in the District of Columbia case (Jackson) had consented to a division of the $70,000 and interest between the Neylands and Galiher, their attorney of record (who admittedly would share the fee with Janousek), under which the attorneys received less than 50% of the amounts paid, but that Janousek has repudiated the action of his attorney of record, and has appealed to the Court of Appeals for the District of Columbia from the consent order fixing the amount of the fee.

On July 30, 1963, after a hearing, *no transcript of which is included in the record herein,* Judge Lewis entered an order in the District Court for the Eastern District of Virginia in which he (1) quashed the second two writs of garnishment insofar as they related to the property of Detwiler, including any interest of Detwiler in any partnership with Price and in any partnership account; (2) quashed the second fi. fa., various notices to take depositions and other proceedings and processes, insofar as they related to the property of Detwiler, including any interest of Detwiler in any partnership with Price; (3) stayed all notices, proceedings and processes *not so quashed* until further order of the court; and (4) enjoined Janousek and Webb from taking any further action in the case until further order of the court, except that Janousek and Webb were given permission to assert and file by amendment or otherwise, whatever personal interest or claim either of them might have in the judgment or in the

writs, notices, proceedings and processes which had not been quashed.

Neyland had stated in open court before Judge Lewis on July 30, 1963, that he did not authorize the institution of the proceedings in the Eastern District of Virginia. It further appears that other proceedings to collect from the insurer of Price and Detwiler are pending in another court, and that the controversy about the amount of the attorney's lien is still pending in the District of Columbia. No appeal was taken by or on behalf of Neyland or anyone else from the order of July 30, 1963.

On August 5, Janousek formally moved to intervene as of right and on August 13 filed his petition to enforce his alleged attorney's lien and for related relief. Neyland, in proper person, and Price, through his counsel, opposed the motion and the petition. Janousek replied at great length, and then on September 9 filed in proper person a "motion to vacate certain provisions of the order of July 30, 1963". In fact the motion of September 9 sought to vacate all provisions of the order of July 30.

On May 1, 1964, Janousek withdrew his motion for leave to intervene. On the same day he filed in the proceedings in the Eastern District of Virginia an assignment to his sister, Eunice Janousek, in consideration of $10, of all his property and ownership in the "judgment herein of $100,000 against Weldon A. Price and the partnership of Weldon A. Price and Robert H. Detwiler". It does not appear that any such judgment has ever been entered in the District of Columbia or elsewhere. The only judgment of record is against Price individually.

Eunice Janousek then moved to intervene as of right and filed a "complaint of intervention" in which she sought to enforce the judgment (in which she claimed to have a 50% interest, despite the consent order in the District of Columbia) against Detwiler and the alleged partnership. Her complaint of intervention contained some misstatements of fact and concealed other facts.

After various oppositions, replies and other pleadings and papers had been filed, Judge Lewis entered the order appealed from, which read as follows:

"Upon consideration of the motion of Joseph O. Janousek, Esq. to vacate certain provisions of the order entered herein on July 30, 1963, and argument having been had thereon, it is by the Court this 15th day of May 1964, ORDERED, that the said motion to vacate certain provisions of the order entered herein on July 30, 1963, be and the same is hereby denied."

The transcript does not show what transpired at the hearing upon which the order of May 15 was entered, but Janousek and his sister have appealed from that order.

In the confused state of the record in the district court, reflected in the briefs before us, caused largely by the intransigence and lack of candor of Janousek and his attorney, the district judge did not err in refusing to strike the several provisions of the order of July 30, 1963, at the request of Janousek or his sister. Neither of them was a party to the case at the time the order of July 30, 1963, was entered. Between that date and the date of the order appealed from, Janousek first filed a motion to intervene as of right and then dismissed it, after assigning to his sister whatever interest he may have in the District of Columbia judgment, upon which all of the proceedings in the Eastern District of Virginia are based. The sister's intervening complaint raises a host of problems, which should be decided by the Eastern District or some other court in which various aspects of the case are now pending before the funds of the appellees are tied up or their property seized under the pending or any future writs of garnishment, fi. fa., or similar proceedings and processes issued at the instance of Janousek or anyone claiming under him.

Neyland is not a party to the appeal presently before us. We intimate no

opinion at this time as to the finality and effect with respect to res adjudicata and similar points of so much of the order of July 30, 1963, as quashed the then pending writs, proceedings and processes insofar as they sought to reach the assets and interests of Detwiler. The present appeal is taken from an interlocutory order, which is appealable only insofar as it refused to vacate an injunction. As the restraint of the injunction did not touch the writs directed against Detwiler's interests which had been quashed, that phase of the case is not now before us.

The order of May 15, 1964 will be affirmed; all costs to be paid by the appellants.

Affirmed.