**Wilbur J. COHEN, Secretary of Health, Education and Welfare, Appellant,**

**v.**

**Pedro PERALES, Appellee.**

**No. 26238.**

United States Court of Appeals
Fifth Circuit.

May 1, 1969.

46

Ted Butler, Asst. U. S. Atty., Ernest Morgan, U. S. Atty., San Antonio, Tex., Michael C. Farrar, Kathryn H. Baldwin, Attys., Dept. of Justice, Washington, D. C., Edwin L. Weisl, Jr., Asst. Atty. Gen., for appellant.

Michael B. Hunter, Richard Tinsman, Anthony J. Ferro, San Antonio, Tex., for appellee.

Lonnie W. Duke, Arthur L. Schiff, San Antonio, Tex., for amicus curiae.

Before COLEMAN and GOLDBERG, Circuit Judges, and SKELTON, Judge of the Court of Claims.*

* Sitting by designation as a member of this panel.

SKELTON, Judge:

Pedro Perales, Appellee, hereinafter called claimant, filed an application for social security benefits in April 1966, claiming that a back injury received by him on September 29, 1965, had disabled him. This application was filed with the Secretary of Health, Education and Welfare, hereinafter called "the Secretary" or "HEW," under 42 U.S.C.A. Sections 416(i) (1) and 423 of the Social Security Act. His application was disapproved, and, thereafter, he requested and was granted a hearing before an examiner. The hearing consisted of two sessions, the first of which was held in San Antonio, Texas, on January 12, 1967. The supplemental hearing was held on March 31, 1967.

At the hearings, the examiner offered and introduced into evidence, over the objection of claimant's attorney, a number of unsworn medical reports of doctors who had examined the claimant but who were not present at either hearing and did not testify. The claimant objected to this evidence on the ground it was hearsay and its admission deprived him of the right to be confronted by witnesses who were against him and of the right to cross-examine them. The examiner overruled the objections and received the reports into evidence.

The examiner also allowed a Dr. Lewis A. Leavitt to testify over the objection of claimant. He had been flown from Houston to San Antonio by HEW to testify as an expert in the case. He had never examined the claimant and his testimony consisted of his "interpretation" of the medical reports of the absent doctors mentioned above. The claimant objected to this testimony because it was hearsay based on hearsay and because the witness' answers were not confined to hypothetical questions. Actually, he was not asked any hypothetical questions. The examiner allowed this witness to "interpret" the reports of the absent doctors in such a way as to indicate that claimant was not disabled.

The only direct evidence from live witnesses bearing on the physical condition of the claimant was that of the claimant himself and one Dr. Max Morales, who had examined and treated him. This evidence showed that the claimant was disabled and supported his claim for the social security benefits.

After the second hearing, the examiner determined, on May 12, 1967, that the claimant was not entitled to disability benefits. The claimant requested a review by the Appeals Council on June 16, 1967, and on July 20, 1967, he was notified that the Appeals Council had approved the examiner's denial of his claim and that its affirmance of his decision constituted the final decision of the Secretary in his case.

The claimant appealed his case to the United States District Court for the Western District of Texas. After HEW filed its answer, both parties filed motions for summary judgment. The court heard the motions, and on February 13, 1968, denied both motions and reversed the decision of the Secretary denying the relief sought, and remanded the cause to the Secretary for a full new hearing before a different examiner. In addition to the order of February 13, 1968, the court filed a memorandum opinion in the case on August 13, 1968, which contains basically the same recitations and orders that were included in his order of remand of February 13, 1968.

The Secretary appealed the case to this court. The claimant filed a motion here to dismiss the appeal on the ground that the judgment of the trial court was interlocutory and not appealable. We entered an order carrying this motion along with the appeal.

The three basic questions to be decided here are: (1) Was the decision of the trial court an appealable one? (2) Is hearsay evidence, when objected to, admissible in an administrative agency hearing such as the HEW hearing in this case? (3) If hearsay evidence is admissible over objection in an administrative agency hearing, such as that of the HEW in this case, is such hearsay evidence, standing alone and without more, substantial evidence?

We will consider these questions in the order given. It is our view that this case is an appealable one. We think this question is governed by the provisions of 42 U.S.C. § 405(g) which provides:

\* \* \* \* \* \*

(g) The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. \* \* \* The court shall, on motion of the Secretary made before he files his answer, remand the case to the Secretary for further action by the Secretary, and may, at any time, on good cause shown, order additional evidence to be taken before the Secretary \* \* \*. The judgment of the court shall be final except that it shall be subject to review in the same maner as a judgment in other civil actions.

It will be noted that this statute authorizes the court to enter a judgment "affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." The statute also states that such judgments "shall be final except that it shall be subject to review in the same manner as a judgment in other civil actions." Of course, 28 U.S.C. § 1291 gives the courts of appeals jurisdiction to review appeals from all final decisions of the district courts.

■ It appears clear to us that here where the district court entered an order denying the motions for summary judgment and reversing the decision of the Secretary and remanding the case to the Secretary for a full new hearing, in accordance with his order of remand, the case is an appealable one. See Jamieson v. Folsom, 7 Cir., 1963, 311 F.2d 506, cert. denied, 374 U.S. 487, 83 S.Ct. 1868, 10 L.Ed.2d 1043 (1963); Gardner v. Moon, 8 Cir., 1966, 360 F.2d 556, 558, and Celebrezze v. Lightsey, 5 Cir., 1964, 329 F.2d 780.

■ Also, we think the remand order is final within the meaning of 28 U.S.C.

§ 1291. The finality requirement of this section has usually been given a practical rather than a technical construction. Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); Gillespie v. United States Steel Corp., 379 U.S. 148, 152, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964).

■ It should be noted that not all orders under 42 U.S.C. § 405(g) are appealable. In situations where the Secretary moves the court before he files an answer, or at the request of either party, the court remands the case for additional evidence, the order would not be appealable. An order remanding the case for additional or supplementary evidence, without a review by the court of the administrative record nor a decision by it on the substantial evidence question, is without doubt an interlocutory order and is not appealable. Likewise, an order *sua sponte* by the court for the taking of additional evidence is not appealable. Bohms v. Gardner, 8 Cir., 1967, 381 F.2d 283, cert. denied, 390 U.S. 964, 88 S.Ct. 1069, 19 L.Ed.2d 1164 (1968).

In the case before us, the court not only denied the motions for summary judgment and reversed the decision of the Secretary, but also established standards for the admission of hearsay evidence and indicated that hearsay evidence is not substantial evidence. Unless the Secretary is allowed to appeal from this order, he will never be able to reach the questions involved, because on the next appeal, if there is one, the sole question may be the substantiality of the evidence, and not its admissibility. This seems to us to fit the rationale of the decision in Cohen v. Beneficial Industrial Loan Corp., supra, where the court said:

This decision appears to fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole

case is adjudicated. The Court has long given this provision of the statute this practical rather than a technical construction. * * *. Id. at 546, 69 S.Ct. at 1225.

Accordingly, we conclude that the case is an appealable one, and we deny the motion of appellee (claimant) to dismiss the appeal.

We next consider the question of whether or not hearsay evidence, when objected to, is admissible in an administrative hearing, such as the hearing in this case. The claimant contends that the admission of hearsay evidence denies him the right to be confronted by his adversary witnesses and the right of cross-examination. We must look first to the statute enacted by Congress governing this problem. We find that 42 U.S.C. § 405(a) and (b) provides:

(a) The Secretary shall have full power and authority to make rules and regulations and to establish procedures, not inconsistent with the provisions of this subchapter, which are necessary or appropriate to carry out such provisions, and shall adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same in order to establish the right to benefits hereunder.

(b) Evidence may be received at any hearing before the Secretary even though inadmissible under rules of evidence applicable to court procedure.

Also, it must be noted that in accordance with the statute quoted above, the Secretary has promulgated the following rules and regulations with respect to evidence and procedures to be followed in hearing before him:

20 C.F.R. 404.926 provides, in pertinent part:

When reasonably necessary for the full presentation of a case, a hearing examiner or a member of the Appeals Council, may, either upon his own motion or upon the request of a party, issue subpoenas for the attendance and testimony of witnesses and for the production of books, records, correspondence, papers, or other documents which are relevant and material to any matter in issue at the hearing. Parties who desire the issuance of a subpoena shall, not less than 5 days prior to the time fixed for the hearing, file with the hearing examiner or at a district office of the Administration a written request therefor, designating the witnesses or documents to be produced, and describing the address or location thereof with sufficient particularity to permit such witnesses or documents to be found. The request for a subpoena shall state the pertinent facts which the party expects to establish by such witness or document and whether such facts could be established by other evidence without the use of a subpoena. * * *

20 C.F.R. 404.927 provides, in pertinent part:

* * * The hearing examiner shall inquire fully into the matters at issue and shall receive in evidence the testimony of witnesses and any documents which are relevant and material to such matters. * * * The order in which evidence and allegations shall be presented and the procedure at the hearing generally, except as these regulations otherwise expressly provide, shall be in the discretion of the hearing examiner and of such nature as to afford the parties a reasonable opportunity for a fair hearing.

20 C.F.R. 404.928 provides, in pertinent part:

Evidence may be received at the hearing even though inadmissible under rules of evidence applicable to court procedure * * *.

It will be observed that the above statute as well as the regulation issued by the Secretary provide that:

Evidence may be received at any hearing before the Secretary even though inadmissible under rules of evidence applicable to court procedure.

This provision of the statute and regulation clearly authorize the admission of hearsay evidence into the record of an administrative hearing of the HEW such as that involved here. The claimant and the Bexar County Legal Aid Society, who appear here as an *amicus curiae*, contend that the Administrative Procedure Act entitles the claimant to the right of cross-examination and that the admission of hearsay evidence denies him that right. They cite the provision of the Act in 5 U.S.C. § 556(d) which provides:

* * * A party is entitled to present his case or defense by oral or documentary evidence to submit rebuttal evidence, and to conduct such cross-examination as may be required for a full and true disclosure of the facts.

However, the Administrative Procedure Act further provides that its provisions:

* * * [Do] not supersede the conduct of specified classes of proceedings, in whole or in part, by or before boards or other employees specifically provided for by or designated under statute.[1]

■ We conclude that the Administrative Procedure Act does not control the method of conducting hearings under the Social Security Act, if in conflict therewith, and the right of cross-examination provided for in the former will not prevail over the procedures established by the Secretary under the latter statute.

■ The claimant points to the case of Southern Stevedoring Co. v. Voris, 5 Cir., 1951, 190 F.2d 275, as authority for the inadmissibility of hearsay medical reports. We do not think that case is controlling here for several reasons. In the first place, the provisions of the two laws involved are different. In the next place, the inadmissibility of the reports was being asserted there by a party against whom a money judgment was sought. That is quite a different situation to that existing in the case at bar. Here, the claimant is claiming disability benefits under a law of Congress. In such a case the Congress has the right to establish procedures and regulations the claimant must comply with before he is entitled to these benefits. So long as these procedures are not unfair, arbitrary, discriminatory, and do not deprive the claimant of the opportunity to present his claim in an adequate and comprehensive manner, he is required to comply with them. Furthermore, in the *Southern Stevedoring Co.* case, *supra,* the court held that the provisions of the Administrative Procedure Act as to cross-examination applied in that case. The court said:

* * * Moreover, sec. 7(c) of the Administrative Procedure Act, 5 U.S. C.A. § 1006(c), expressly provides that "Every party shall have the right * * * to conduct such cross-examination as may be required for a full and true disclosure of the facts." Id. at 277.

We have already pointed out that this section of the Administrative Procedure Act does not apply to hearing procedures under the Social Security Act which is involved here.

■ The claimant complains of the admission of hearsay evidence and the denial of confrontation of adverse witnesses and the right of cross-examination as if they were all one and the same. Actually, they are different and must be treated separately. While it is true that the admission of hearsay testimony denies the claimant the right of cross-examination, at least temporarily, still, he has his remedy under the regulations issued by the Secretary. These regulations give the hearing examiner the authority to subpoena witnesses on his own motion or at the request of a party.[2] While it is true the regulations require a party to request subpoenas for witnesses five days before the hearing and a claimant might not know at that time

---

1. 5 U.S.C. § 556(b).

2. 20 C.F.R. 404.926, *supra.*

what witnesses he would need to subpoena in order to cross-examine the authors of hearsay evidence to be introduced by the Secretary, still he could ask for a postponement or a supplemental hearing in order that he might have the witnesses present. If this was refused, he would have a valid objection that could be urged on appeal. But that is not the case here. Actually, there was a supplemental hearing in this case. The claimant could have requested subpoenas for the absent doctors requiring them to be present at the later hearing, but he did not do so. The cases are clear that where a party has the right to subpoena witnesses by requesting the agency representative to issue them, and he does not make the request, he cannot later complain of the fact that he has been denied the right of confrontation of adverse witnesses and the right of cross-examination. See Williams v. Zuckert, 371 U.S. 531, 83 S.Ct. 403, 9 L.Ed.2d 486 (1963) and 372 U.S. 765, 83 S.Ct. 1102, 10 L.Ed.2d 136 (1963); Begendorf v. United States, 340 F.2d 362, 169 Ct. Cl. 293 (1965); McTiernan v. Gronouski, 2 Cir., 1964, 337 F.2d 31, 37.

■ However, as pointed out above, this is entirely different to the objection of claimant to the admission of hearsay evidence. The correct rule as to the admission of hearsay evidence by an administrative agency was stated by the court in Morelli v. United States, 177 Ct. Cl. 848, 853–854 (1966) as follows:

\* \* \* [T]he hearsay rule is not applicable to administrative hearings so long as the evidence upon which a decision is ultimately based is both substantial and has probative value.

To the same effect is Montana Power Co. v. Federal Power Commission, 1950, 87 U.S.App.D.C. 316, 185 F.2d 491, 497, cert. denied, 340 U.S. 947, 71 S.Ct. 532, 95 L.Ed. 683 (1951); and Willapoint Oysters, Inc. v. Ewing, 9 Cir., 1949, 174 F.2d 676, 690, cert. denied, 338 U.S. 860, 70 S.Ct. 101, 94 L.Ed. 527 (1949).

■ We conclude that the hearsay evidence in this case was admissible under the Social Security Act. See Rocker v. Celebrezze, 2 Cir., 1966, 358 F.2d 119, 122. However, this does not solve the entire problem in the case. The overriding issue and the one that actually and properly concerned the trial court was whether or not the hearsay evidence received by the examiner was substanial evidence on which he could base his decision. While the trial court did not specifically decide this question, his order of remand and memorandum opinion made reference to it, and for all practical purposes held the hearsay evidence was not substantial evidence.[3] Since the problem will arise in the next trial of the case, and is involved in three other cases

3. The memorandum opinion stated in part as follows:

Except in unusual circumstances, and none are shown to exist in this case, this Court is reluctant to accept as substantial evidence the opinions of medical experts submitted as original evidence in the form of unsworn written reports, the admission of which would have the effect of denying to the opposition an opportunity for cross-examination. Ratliff v. Celebrezze, 338 F.2d 987, 982, 11 A.L.R.3d 1124 (6 Cir. 1964); Mullen v. Gardner, 256 F. Supp. 588 (E.D.N.Y.1966).

Similarly, the opinion of a doctor who has never examined or treated a claimant, is entitled to little or no probative value, especially when it is opposed by evidence of a substantial nature, including the oral testimony of an examining physician. See Hayes v. Gardner, 376 F.2d 517 (4 Cir. 1967).

Certainly, therefore, in a situation where, as here, unsworn medical reports of examining physicians are received as original evidence on the critical issue of plaintiff's physical condition, a non-examining medical expert is then allowed to "interpret" those *ex parte* reports, and that "interpretation" forms the basis for the decision by the hearing examiner, we have what amounts to pyramiding hearsay upon hearsay, which, under the circumstances of this case, violates the fundamental rule of fair play and cannot be permitted to stand. Id. at 1a(S) and 2a(S) of Supplemental Record.

now held in suspense,[4] we will consider it here for the benefit of the Secretary and the trial court.

This brings us to a consideration of the third question mentioned above, namely, is the hearsay evidence in this case, standing alone and without more, substantial evidence?

The Supreme Court defined substantial evidence in NLRB v. Columbian Enameling & Stamping Co., 306 U.S. 292, 299–300, 59 S.Ct 501, 83 L.Ed. 660 (1939) as follows:

* * * [F]indings by administrative bodies, means evidence which is substantial, that is, affording a substantial basis of fact from which the fact in issue can be reasonably inferred. Washington, Virginia & Maryland Coach Co. v. National Labor Relations Board, 301 U.S. 142, 57 S.Ct. 648, 81 L.Ed. 965; Consolidated Edison Co. v. National Labor Relations Board, 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126; Appalachian Electric Power Co. v. National Labor Relations Board, 4 Cir., 93 F.2d 985, 989; National Labor Relations Board v. Thompson Products Inc., 6 Cir., 97 F.2d 13; Ballston-Stillwater Knitting Co. v. National Labor Relations Board, 2 Cir., 98 F.2d 758, 764. Substantial evidence is more than a scintilla, and must do more than create a suspicion of the existence of the fact to be established. "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Consolidated Edison Co. v. National Labor Relations Board, supra, 305 U.S. p. 229, 59 S.Ct. p. 217, and it must be

enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury. See Baltimore & Ohio R. Co. v. Groeger, 266 U.S. 521, 524, 45 S.Ct. 169, 69 L.Ed. 419; Gunning v. Cooley, 281 U.S. 90, 94, 50 S.Ct. 231, 74 L.Ed. 720; Appalachian Electric Power Co. v. National Labor Relations Board, supra, 93 F.2d 989.[5]

The rule announced in the *Morelli* case *supra,* and the other cases cited above, allow hearsay evidence to be received by administrative agencies *"so long as the evidence upon which a decision is ultimately based is both substantial and has probative value."* (Emphasis supplied.) The Supreme Court held many years ago in the case of Consolidated Edison Co. v. NLRB, 305 U.S. 197, 230, 59 S.Ct. 206, 83 L.Ed. 126 (1938):

* * * Mere uncorroborated hearsay or rumor does not constitute substantial evidence.

In Willapoint Oysters, Inc. v. Ewing, *supra* the court said:

* * * "[S]ubstantial evidence" includes more than "uncorroborated hearsay" * * *. Id. 174 F.2d at 691.

In Hill v. Fleming, 169 F.Supp. 240 (W.D.Pa.1958), the court held:

In our opinion these hearsay statements, in the light of the whole record, are not substantial evidence * * *. A finding of ultimate fact not reasonably supported by substantial evidence should be set aside. * * * Id. at 244.

4. The trial court is now holding in abeyance three other cases involving the same issues as those involved here, awaiting the outcome of this case. They are Baker v. Cohen, No. 26,670; Cohen v. Riley, No. 26,247; and Cohen v. Hammonds, No. 26,243.

5. See also Consolo v. Federal Maritime Commission, 383 U.S. 607, 619–620, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966); Coomes v. Ribicoff, 209 F.Supp. 670, 671 (D.Kan.1962); Sandusky v. Celebrezze, 210 F.Supp. 219, 223 (W.D.Ark.

1962); Clifton v. Celebrezze, 228 F.Supp. 251, 255 (N.D.Tex.1964); Scott v. Celebrezze, 241 F.Supp. 733, 736 (S.D.N.Y. 1965); Farnsworth & Chambers Co. v. United States, 346 F.2d 577, 582, 171 Ct.Cl. 30, 37–38 (1965); Loral Electronics Corp. v. United States, 181 Ct.Cl. 822, 832, 387 F.2d 975, 980 (1967); Robert M. Viles, The Social Security Administration Versus The Lawyers * * * And Poor People Too, 40 Miss.L.J. 24, 36–52.

Mere uncorroborated hearsay or rumor does not constitute substantial evidence. Id. at 245.

In United States v. Krumsiek, 111 F. 2d, 74, 78 (1st Cir. 1940), the court stated:

Conclusion of facts must be supported by substantial evidence. * * * "Substantial evidence is more than a mere scintilla. * * * Mere uncorroborated hearsay or rumor does not constitute substantial evidence." Id. at 78.

In 32A C.J.S. Evidence § 1016 (1964), it is stated:

* * * Mere uncorroborated hearsay or rumor does not constitute substanstantial evidence, nor does inherently improbable testimony, a guess, or surmise, conjecture, or speculation. Id. at 631.

In Frank Camero v. United States, 345 F.2d 798, 800, 170 Ct.Cl. 490, 493–494 (1965), the court held:

* * * The Supreme Court has construed "substantial evidence" to be " * * * more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938). The Court added (at 230, 59 S.Ct. at 217), "Mere uncorroborated hearsay or rumor does not constitute substantial evidence." * * *

The Consolidated Edison Co. case, *supra,* is unquestionably a correct statement of the law. See NLRB v. Fansteel Metallurgical Corp., 306 U.S. 240, 257, 59 S.Ct. 490, 83 L.Ed. 627 (1939); NLRB v. Columbian Enameling & Stamping Co., *supra;* and Universal Camera Corp. v. NLRB, 340 U.S. 474, 477, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

In Willapoint Oysters, Inc. v. Ewing, *supra,* the court held that hearsay evidence was admissible in an agency hearing, saying:

* * * The receipt of irrelevant, immaterial and hearsay evidence is no cause for reversal of an administrative order though the validity of the order can never rest upon conjecture, guess or chance. Id. 174 F.2d at 690.

However, the court stated that the findings must be in accord with substantial evidence, and could not be based on hearsay alone, stating:

* * * However, since *"substantial evidence" includes more than "uncorroborated hearsay"* and *"more than a mere scintilla," the findings, to be valid, cannot be based upon hearsay alone, nor upon hearsay corroborated by a mere scintilla.* * * * [Emphasis supplied.] Id. 174 F.2d at 691.

█ We think the court correctly stated the law in NLRB v. Amalgamated Meat Cutters, 9 Cir., 1953, 202 F.2d 671, 673, when it said:

* * * [A]gency findings "cannot be based upon hearsay alone".[6]

█ The testimony of the "expert" Dr. Leavitt, cannot serve to corroborate the hearsay reports of the absent doctors. His testimony was correctly described by the trial court as "hearsay on hearsay." Multiple hearsay is no more competent than single hearsay. United States v. Grayson, 2 Cir., 1948, 166 F.2d 863, 869; United States v. Bartholomew, 137 F.Supp. 700, 709 (W.D.Ark.1956).

Accordingly, we hold that mere uncorroborated hearsay or rumor does not constitute substantial evidence.[7]

Furthermore, the agency must look at the record *as a whole* and not just to the part of it that coincides with its views. Universal Camera Corp. v. NLRB, *supra;* Farnsworth & Chambers Co. v. United

6. The case here is to be distinguished from the case of Peters v. United States, Ct.Cl., 408 F.2d 719 [March 14, 1969], in which the writer dissented, where the court held that the alleged hearsay evidence was admissible as a declaration against interest and as an exception to the hearsay rule.

7. See also Conn v. United States, 180 Ct.Cl. 120, 130, 376 F.2d 878, 883 (1967).

States, *supra*; Loral Electronics Corp. v. United States, *supra*.

 Applying these principles to the case before us, it is clear that the hearsay reports of the absent doctors were admissible in evidence before the hearing examiner. This is also true with respect to the testimony of the so-called "expert" Dr. Leavitt. However this leaves the Secretary with nothing but uncorroborated hearsay, which the claimant has objected to, on which to base his decision. Under the decisions, such evidence is not substantial evidence. This is especially true in view of the fact that on the other side of the case we have the live and direct legal testimony of the claimant and his doctor which supports his claim. The trial court was correct in his remarks in the record that if he was called upon to render a final judgment in the case, he would render it for the claimant and against the Secretary, because the only probative evidence in the case that was not hearsay and that was substantial was in favor of the claimant.[8] We agree that he would have been justified in entering judgment for the claimant for disability benefits in view of the foregoing and based on the law announced by the courts in other similar cases, a discussion of which follows:

The case of Mefford v. Gardner, 6 Cir., 1967, 383 F.2d 748, 759–761, was very similar to the case before us. The claimant and his doctors who had treated him testified he was disabled. The examiner had an "expert" doctor (Dr. London) to examine the various medical reports the examiner had introduced and then testify, without ever having seen or treated the claimant, to the effect the claimant was not disabled. This is exactly what Dr. Leavitt did in the case here. The court in that case held that such testimony was not substantial evidence, stating:

> Such a statement as Dr. London's cannot be considered substantial evidence in view of the fact that he never saw or examined appellee, and in face

of the medical evidence of physicians who not only treated him over a long period of time but also examined him and came to the determination that he was totally and permanently disabled. Id. at 759.

The case of Hayes v. Gardner, 4 Cir., 1967, 376 F.2d 517, is another instance where this same procedure was followed. There a Social Security Administration doctor, named Dr. Glendy, did not examine the claimant but based his testimony that the claimant was not disabled on an examination of the medical record. The claimant and the doctor who had been treating her testified she was disabled. The court held that Dr. Glendy's testimony was not substantial evidence. In this connection, the court said:

> * * * We reach the conclusion that, * * * the opinion of a doctor who never examined or treated the claimant *cannot serve as substantial evidence* to support the Secretary's finding. [Emphasis supplied.] Id. at 520–521.

The courts reach the same decision even if the Secretary's expert doctor has examined the claimant (usually one time) for the purpose of testifying. This occurred in Sebby v. Flemming, 183 F.Supp. 450 (W.D.Ark.1960). The testimony of the Secretary's doctor that the claimant was not disabled conflicted with that of the claimant's doctors who had been treating him. The court said:

> After reading and considering the whole of the record, the court does not find that the Referee's conclusions are supported by substantial evidence. * * *
>
> * * * * * *
>
> The only evidence in support of the Referee's findings is the medical report of Dr. Hall, [the Secretary's doctor] based upon one examination of the plaintiff. * * * Id. at 454.

In Colwell v. Gardner, 6 Cir., 1967, 386 F.2d 56, the Secretary's doctor, after one examination of the claimant, testified

8. See pp. 36a and 37a of the Record.

that he was not disabled. This conflicted with the evidence of the doctor who had been treating the claimant. The court held that the evidence of the Secretary's expert was not substantial evidence, and the decision of the examiner based upon it could not be sustained.

It appears from the facts in many of the foregoing cases, as well as in the one before us, and we assume in those cases being held in abeyance by the trial court, that there is a widespread practice by hearing examiners of having testifying doctors accompany them, and, in a manner of speaking "ride the circuit" with them, for the purpose of examining medical records and reports of claimants and then testifying as experts, with or without a cursory examination of the claimants, as to their disability. This procedure should be frowned upon, if not eliminated altogether. Such testimony is not substantial evidence, and, if objected to, will not, standing alone, support a decision of the examiner adverse to the claimant. This is especially true when such testimony is in conflict with that of the claimant and his doctor who has not only examined him but has also treated him over a long period of time.

The claimant objected to the introduction into evidence of the medical reports and records of the absent doctors on the ground that they were hearsay and not substantial evidence. We agree that they were hearsay, but, as stated above, were admissible into evidence before the examiner. However, we conclude that they were not substantial evidence. The decision of the court in Hill v. Fleming, *supra,* is a case in point. The facts in that case are very similar to those in the instant case with respect to the admission of medical records and reports of absent doctors into evidence before a hearing examiner over the objection of the claimant that they were hearsay. In that case a librarian of a medical clinic was permitted by the examiner to make a report of some of the contents of the medical records of the clinic as to examinations and treatment of the claimant that were adverse to him. The court

in that case held that the librarian's report was hearsay and was not substantial evidence. The court said:

In our opinion these hearsay statements, in the light of the whole record, are not substantial evidence to negative either the plaintiff's disability or his incapacity since prior to March 31, 1948 to engage in any gainful occupation. The record as a whole leaves the conclusion of the Council and Referee on the ultimate facts without reasonable foundation. * * *

* * * * * *

In our opinion this secondhand hearsay evidence submitted by the Librarian of Falk Clinic is too remote and not at all probative of the ultimate facts in issue and hence is not substantial evidence to support the conclusions and decision of the Council.

Mere uncorroborated hearsay or rumor does not constitute substantial evidence. Consolidated Edison Co. of New York v. National Labor Relations Board, 1938, 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126; National Labor Relations Board v. Amalgamated Meat Cutters, 9 Cir., 1953, 202 F.2d 671, 673.

The evidence on which the Council and Referee purported to rely is not only of "small probative value" but "in relation to the type of evidence reasonably anticipated in the circumstances of the case, that very slight proof must be characterized as unsubstantial." At most it was "handpicked fragments of evidence" merely enough to raise a "suspicion".

In our opinion there was no substantial evidence to contradict the medical opinions that plaintiff was totally and permanently disabled; neither was there any affirmative evidence that he had or could have, in view of his limited education and physical condition, engaged in any substantial gainful employment. Id. 169 F. Supp. at 244–245.

As we have already pointed out, the trial judge could have entered a judg-

ment in favor of the claimant for disability benefits, because the only substantial evidence before him was in favor of the claimant. However, in his commendable efforts to be fair to both parties, he remanded the case to the Secretary for a full new hearing. In view of the fact that not only the instant case, but also the three cases being held in abeyance by the trial court, will be disposed of in accordance with the guidelines which we have laid down in this opinion, we conclude that the order of the trial court should be affirmed.

Accordingly, we deny the claimant's motion to dismiss the appeal and affirm the judgment of the trial court, and remand the case to the Secretary for a full new hearing before a different examiner as ordered by the trial court and in accordance with this opinion.

Affirmed and remanded.