**Amilios GLAROS, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA- TION SERVICE, Respondent.**

No. 27543

**Summary Calendar.**

United States Court of Appeals Fifth Circuit.

Sept. 12, 1969.

442

Nick G. Lambros, Atlanta, Ga., for petitioner.

John N. Mitchell, U. S. Atty. Gen., Dept. of Justice, Washington, D. C., Troy A. Adams, Jr., District Director, I.N.S., New Orleans, La., John W. Stokes, Jr., U. S. Atty., Beverly B. Bates, Asst. U. S. Atty., Atlanta, Ga., for appellee.

1. 8 U.S.C. § 1251(a) (4):
(a) Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who—
(4) is convicted of a crime involving moral turpitude committed within five years after entry and either sentenced to confinement or confined therefor in a prison or corrective institution, for a year or more, or who at any time after entry is convicted of *two crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct,* regardless of whether confined

Before COLEMAN, SIMPSON and CARSWELL, Circuit Judges.

PER CURIAM:

█ We have concluded on the merits that this case is of such character as not to justify oral argument. Accordingly, we have directed the clerk to place the case on the summary calendar and to notify the parties of this fact in writing. See Rule 18 of the Rules of this Court and Murphy v. Houma Well (5 Cir. 1969), 409 F.2d 804, Part I.

Petitioner was found guilty and convicted in the Court of Common Pleas, Northhampton County, Pennsylvania, of the commission of crimes involving offenses against two female minors on separate dates. Respondent the Board of Immigration Appeals (Board) determined that these offenses involved moral turpitude and did not arise out of a single scheme of criminal misconduct, in violation of 8 U.S.C. § 1251(a) (4).[1] The Board ordered Glaros deported.[2] This petition for review followed. Our review is governed by the Administrative Procedure Act, 5 U.S.C. §§ 551–559.

The sole issue here concerns the substantiality of the evidence submitted by the Immigration and Naturalization Service.

In the initial administrative hearing before the special inquiry officer, the Immigration and Naturalization Service relied on the record of the petitioner's conviction in the Pennsylvania Court.

therefor and regardless of whether the convictions were in a single trial. (Emphasis added)

2. Glaros is a married male, native and citizen of Greece, who resides in Atlanta, Georgia. The special inquiry officer of the Immigration and Naturalization Service found petitioner deportable as charged and ordered his deportation. After a series of remands for clarification of the record as to evidence submitted in the form of the Pennsylvania Court record, the Board affirmed the order of deportation.

Glaros asserts that the record is ambiguous.[3] We agree with the special inquiry officer and the Board that the record is unambiguous, is substantial and is sufficient to support petitioner's deportation.

 The record of conviction properly includes a record of the indictment, arraignment, verdict, sentence and a certification by appropriate officials. See Maroon v. Immigration and Naturalization Service (8th Cir. 1966), 364 F.2d 982. The indictment shows that Glaros was indicted for crimes against Catherine Glaros on May 8, 1966, and Jean Glaros on May 23, 1966. The indictment charged four counts, two counts as to Catherine and two counts as to Jean, and the petitioner was found guilty and convicted "of all counts". This record amply and without ambiguity supports Glaros' deportation.

 If the record was ambiguous after the first administrative appeal, this was completely cleared up by two letters[4] put in the record by the Immigration and Naturalization Service at the second hearing before the special inquiry officer. Corroborated hearsay is admissible in an administrative proceeding. 5 U.S.C. § 556(d); Cohen v. Pedro Perales (5th Cir. 1969), 412 F.2d 44; Willapoint Oysters, Inc. v. Ewing (9th Cir. 1949), 174 F.2d 676. Here the two letters attacked as hearsay were completely corroborated by the court record. They were properly entered in evidence by the special inquiry officer.

We find there is substantial evidence to support the petitioner's deportation.

The petition to review the Order of Deportation is denied; the Order of Deportation is enforced.

3. Petitioner claims the record can be interpreted to convict him of two offenses against *one* person arising out of a single scheme of misconduct, and not four offenses against *two* persons not arising out of a single scheme of misconduct. See 8 U.S.C. § 1251(a) (4), Footnote 1.

4. The Immigration and Naturalization Service introduced two letters, one from

the trial judge and one from the prosecutor. These letters were in direct answer to, and of equal formality with, a similar type letter from the trial judge put into the record by Glaros as an attachment to his brief on his first appeal. This letter caused the Board to return the case to the special inquiry officer for clarification of the record.