434 F.2d 685
 Amilios GLAROS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 30057 Summary Calendar.*
*Rule 18, 5th Cir. See Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York, et al., 5th Cir., 1970,
 
 431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Nov. 6, 1970.
 Nick G. Lambros, Charles L. Weltner, Atlanta, Ga., for petitioner.
 John Mitchell, Atty. Gen., Dept. of Justice, Washington, D.C. John W. Stokes, Jr., U.S. Atty., Beverly B. Bates, Asst. U.S. Atty., Atlanta, Ga., for respondent.
 Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.
 PER CURIAM:
 
 
 1
 Petitioner comes to this court from an order of the Board of Immigration Appeals denying his motion to reopen and reconsider a deportation order. The issue raised here as to whether there was evidence to show more than a 'single scheme' was decided adversely to petitioner on his first appeal to this court. Glaros v. Immigration and Naturalization Service, 5 Cir., 1969, 416 F.2d 441.
 
 
 2
 Petitioner contends nevertheless, that a letter from the trial judge in the Pennsylvania proceedings upon which the deportation action is based shows that there was only one scheme. This letter was written after the prior appeal to this court. Assuming without deciding that the letter is properly admissible into evidence, we hold that it adds no new facts to the record but merely contains the conclusion of the trial judge that only a single scheme was involved.[1] Regardless of whether there was only one trial and one sentence, the record clearly shows that petitioner was proceeded against for two separate offenses against two separate persons. Evidence of a cumulative nature is not sufficient to reopen a deportation proceeding. See Luna-Benalcazar v. Immigration and Naturalization Service, 6 Cir., 1969, 414 F.2d 254.
 
 
 3
 The petition to review the order denying the Motion to Reopen and Reconsider Deportation Order is denied; the Order of Deportation is enforced.
 
 
 
 [1]
 Title 8 U.S.C.A. 1251, in pertinent part:
 '(a) Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who--
 '* * * at any time after entry is convicted of two crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial;'