APPELLANT NWC'S LOGO:

APPELLEE NYM'S LOGO:

CRANSTON OIL SERVICE COMPANY, INC., Plaintiff,

v.

James R. SCHLESINGER, Secretary of the Department of Energy, et al., Defendants.

No. 1–4.

Temporary Emergency Court of Appeals.

Submitted Feb. 14, 1979.

Decided March 27, 1979.

Salvatore L. Virgadamo and Joseph R. Palumbo, Jr., Newport, R.I. (Moore, Virgadamo & Lynch, Ltd., Newport, R.I., on brief), for plaintiff.

Paul G. Wallach, Office of General Counsel and Ted P. Gerarden, U.S. Dept. of Energy, Washington, D.C. (C. Max Vassanelli and Eliza Vela, Attys., Dept. of Justice, Washington, D.C., on brief), Washington, D.C., for defendants.

Before HOFFMAN, INGRAHAM and LACY, Judges.

PER CURIAM:

The issue presented on defendants' motion to dismiss is whether the district court's orders constitute final and appealable orders or judgments. We hold that they do not and, therefore, we dismiss the appeal for lack of jurisdiction because we are of the opinion that the appeal is premature in light of the remand orders entered by the district court.

By memorandum and order entered November 3, 1978, summary judgment was entered for defendants (FEA, now DOE) but the case was remanded to the agency because of the failure of the agency to compute any sum for rental obligations owed by plaintiff Cranston Oil Service Company, Inc. The FEA had allowed Cranston a two-year repayment period to repay overcharges by Cranston in the sum of $67,-837.37, plus interest. The FEA had excluded, in determining Cranston's ability to re-pay the aforesaid sum, *all* rental obligations to an affiliated company under the same ownership and control of Cranston. The remand order of November 3, 1978 was to permit Cranston an opportunity to submit more reliable evidence on the question of rental obligations in support of its exception.

Cranston requested a rehearing or, in the alternative, an amendment to the findings contained in the order of November 3, 1978. It presented what is referred to as "new evidence." Cranston had sold all of its assets, except accounts receivable, to Galego Oil Company. As a part of the contract of sale, Galego agreed to pay Cranston "gallonage payments" based upon the volume of Galego's future sales to Cranston's former customers. A submitted affidavit asserts that Galego is not paying Cranston the agreed gallonage payments. The agency had considered the contractual gallonage payments in determining the length of time allowed to Cranston in making the refund. The district court expanded the scope of the remand by directing the agency to "determine a fair repayment sum and/or time frame after finding a realistic rental obligation figure and after considering Cranston's present alleged inability to obtain gallonage payments." This order was entered on January 9, 1979, and Cranston thereupon appealed to this court.

The orders referred to do not dispose of the entire case and, on remand, the administrative proceedings may cause the alleged final order of the district court to lose its significance. The remand orders do not decide any question of law by which Cranston will be bound on the administrative level and, therefore, there is no practical reason to grant review and contravene the policy against piecemeal review. Such appeals are generally costly, inefficient, and do not serve the cause of a just and speedy resolution of controversies. *Radio Station WOW, Inc. v. Johnson*, 326 U.S. 120, 123–24, 65 S.Ct. 1475, 89 L.Ed. 2092 (1945); *Cobbledick v. United States*, 309 U.S. 323, 325, 60 S.Ct. 540, 84 L.Ed. 783 (1940).

The Supreme Court has espoused a "practical rather than a technical" approach to the doctrine of finality. *Gillespie v. U. S. Steel Corp.*, 379 U.S. 148, 152, 85 S.Ct. 308, 310, 13 L.Ed.2d 199 (1964); *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). *Gillespie* stands for the principle that a balance must be struck between the policy of presenting the "inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other." See also, *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511, 70 S.Ct. 322, 94 L.Ed. 299 (1950).

Cranston cites several cases to the effect that orders remanding cases to administrative agencies should be considered final orders. However, these cases are distinguishable in that, if allowed to stand without review, they would have resulted in a denial of justice to the appealing party. Such is not the situation here. There is no suggestion that efforts have been made to collect the overcharges found to be due by Cranston. At most, an orderly procedure on remand would involve only interest on the refund. Moreover, the orders of the district court permitted the agency to reconsider the amount of the refund and the questions of rent and gallonage payments.

In *Cohen v. Perales*, 412 F.2d 44 (5th Cir. 1969), *rev'd on other grounds*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), the district court remanded a social security disability case holding that a physician's affidavit did not meet the substantial evidence required to support a denial of benefits. The government appealed and the Fifth Circuit held that the remand order was appealable, citing *Cohen v. Beneficial Loan Corp., supra*, 337 U.S. at 545, 69 S.Ct. 1221, to the effect that the concept of finality must be interpreted in a practical manner and, unless the appeal was allowed, the ruling on the inadmissibility and weight of a physician's affidavit would have probably foreclosed the government's ability to obtain a review of the matter.

In *Gueory v. Hampton*, 167 U.S.App.D.C. 1, 510 F.2d 1222 (1974), the court, speaking through Judge Tamm, had a matter involving a dismissed postal service employee in which the district court had granted summary judgment in favor of the employee, but remanded the case to the Civil Service Commission for further findings consistent with the district court's ruling that in order to dismiss an employee for criminal conduct, there must be a specific showing of how the criminal conduct affected suitability for employment. The court of appeals found the remand order "appealable because if review were not allowed now, the Government would probably never be able to test the legal correctness" of the district court's decision. *Id.*, 167 U.S.App.D.C. at 4, 510 F.2d at 1225.

In the instant case Cranston will not be prevented from obtaining review of the correctness of the district court's decision, affirming the agency, that it is liable for the approximate sum of $68,000. The district court, unlike the ruling in *Perales* and *Gueory*, does not set forth a rule of law which the FEA must use in determining Cranston's liability. Moreover, if the FEA finds the amount of rent owed by Cranston to be significant and the failure of Galego to pay the gallonage payments to be a serious loss to Cranston, the FEA could modify its ruling in such a manner as to render the case insignificant. In sum, there is no practical reason in this case requiring the court to grant piecemeal review.

*Appeal dismissed.*