James A. WYATT and Celia N. Wyatt

v.

Abraham RIBICOFF, Secretary of Health, Education and Welfare.

Civ. A. No. 8424.

United States District Court
W. D. Louisiana,
Shreveport Division.

Oct. 17, 1962.

Thomas A. Self, Pickett & Self, Many, La., for plaintiffs.

Edward L. Shaheen, U. S. Atty., and Leven H. Harris, Asst. U. S. Atty., Shreveport, La., for defendant.

BEN C. DAWKINS, Jr., Chief Judge.

Plaintiffs here are seeking review of a decision of the Secretary of Health, Education and Welfare, adverse to their claims, under the authority of 42 U.S. C.A. § 405(g).

In determining that plaintiffs were not entitled to survivor's dependency benefits under the Social Security law, the examiner found that they were not receiving one-half of their support at the time of the death of their wage-earner son as required by 42 U.S.C.A. § 402(h) (1) (B). In so finding, the examiner made specific determinations as to certain alleged items of support asserted by the claimants. He found (a) that the claimants had failed to establish definite amounts of monthly contributions in cash or for groceries by their son; (b) that they had failed to establish satisfactorily payment by the son for certain alleged improvements to their home; (c) that they had failed to establish that payment for the drilling of a water well for claimants' benefit had been paid during the wage-earner's lifetime and not from his estate; (d) that the amount contributed by the son for an automobile for his parents' use could not be considered support within the meaning of the Social Security Act and the regulations promulgated by the Secretary; and (e) that the amount claimed to have been paid for drugs by the wage earner was not adequately proven.

The findings of fact of the hearing examiner are final if supported by substantial evidence. 42 U.S.C.A. § 405 (g), as amended June 11, 1960. See also, to the same effect, Ferenz v. Folsom, 3 Cir., 237 F.2d 46 (1956). Substantial evidence has been said to be " 'enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury.' " Rambin v. Ewing, D.C., 106 F.Supp. 268. Moreover, reasonable inferences and conclusions drawn by the examiner from the facts are to be accorded the same finality as the findings of fact themselves, if supported by substantial evidence. United States v. La-Lone, 9 Cir., 152 F.2d 43; Larmay v. Hobby, D.C., 132 F.Supp. 738 (1955).

In reviewing the record, as we carefully have done, we also must bear in mind that plaintiffs bore the burden of proving by substantial and credible evidence, that they received contributions from their son amounting to at least one-half of their entire support. Larmay v. Hobby, D.C., 132 F.Supp. 738.

The first documents filed by claimants showed that only small amounts were contributed to their support by their son. Later, after their initial claims had been denied, other documents and evidence offered by them showed grossly increased and hardly believable amounts being claimed as support. This evidence, not only in conflict with their earlier statements but also quite conflicting in itself, is limited mainly to statements by the claimants and their friends and neighbors.

Since there was great and unexplained conflict in the amounts claimed as support, decision as to the credibility of the testimony was for the trier of facts. We find that there was substantial evidence upon which the examiner concluded that claimants had failed to establish the payments as noted in items (a), (b), (c), and (e), supra. As to item (d), the amount allegedly expended for the automobile, it is clear that the amount itself was not established satisfactorily and this could not be considered as an item of support at the time of the son's death. Also, with regard to the alleged improvements to their home and the water well, as included in items (b) and (c), these could not be considered as contributions to support made in any one year but must be amortized over the years of their useful life. When this is done, it is obvious that claimants' son did

not contribute to the extent of one-half of their support.

Finding no error in the administrative determination that plaintiffs have failed to sustain their burden of proof, defendant's motion for summary judgment must be granted, and plaintiffs' demands herein must be rejected.

A proper decree should be presented.