**Jim F. MYERS, Plaintiff-Appellee,**

v.

**BULK TRANSPORT, INC., et al.,**
**Defendants-Appellants.**

No. 27432
Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Sept. 11, 1969.

D. Gary Sutherland, Hattiesburg, Miss., for appellants.

James K. Dukes, Holmes & Dukes, Heidelberg, Sutherland & McKenzie, Paul Holmes, Hattiesburg, Miss., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

GODBOLD, Circuit Judge:

Plaintiff's pickup truck was struck from the rear by defendants' tractor-trailer rig, the driver of which had gone to sleep at the wheel. Before plaintiff's truck came to rest the rig collided with it a second time.

Plaintiff suffered injury to his neck and back. He sued and the jury returned a verdict for $40,000. Defendants moved for a judgment n. o. v. and a new trial. The trial court denied the former but granted the latter unless plaintiff entered remittitur of $15,000.[1]

---

1. Exercise of discretion by the trial judge to condition the grant of a new trial upon failure by the plaintiff to remit is an appropriate device and is not a violation of the Seventh Amendment. Arkansas Valley Land and Cattle Company v. Mann, 130 U.S. 69, 32 L.Ed. 854 (1889). 6A Moore, Federal Practice, § 59.05 [3].

Plaintiff filed his written consent, and the court entered its judgment for $25,-000, from which appeal is taken.[2]

Defendants do not claim there was prejudicial error in the conduct of the trial. Though not precisely so stated, their attack is upon the discretion of the trial judge in denying a new trial once what he considered to be the excessiveness of the verdict had been eliminated by the remittitur. See Arkansas Valley Land and Cattle Company v. Mann, 130 U.S. 69, 9 S.Ct. 458, 32 L.Ed. 854 (1889); Neese v. Southern Railway Company, 350 U.S. 77, 76 S.Ct. 131, 100 L.Ed. 60 (1955).

 We have considered all the medical evidence and the lay testimony concerning plaintiff's injuries. No purpose will be served by cataloging it in detail. We need refer only to some of the high points. Plaintiff was hospitalized eight days, then treated six months as an outpatient by a general practitioner who then referred him to an orthopedic surgeon because his muscle spasm and pain were growing worse. The orthopedic specialist found plaintiff suffering from 50% limitation of motion in the neck as well as muscle spasm and pain. He had plaintiff under treatment for a year preceding the trial, and testified that treatment would continue thereafter, possibly for the rest of plaintiff's life. At trial plaintiff still was wearing the cervical collar the general practitioner had prescribed a year or more earlier. Surgery was neither specifically indicated nor specifically ruled out. Further hospitalization for additional treatment and physiotherapy is a possibility.

The general practitioner estimated permanent disability at twenty percent without stating whether this applied to the neck or to the body as a whole). The orthopedic surgeon assessed permanent disability to the body as a whole at ten to twenty percent.

Plaintiff was age 67 at trial. His ability to carry on his part-time work as a buyer, handler and grower of livestock (with earnings of about $100 a month) has been restricted, and his ability to carry on normal day to day affairs has been limited in many described ways.

We have considered all the testimony, expert and lay. Some of defendants' argument to us is insistence that we reject parts of the above medical testimony and in lieu thereof be guided by other testimony of the doctors that might tend to show less injury, and that we reject various testimony of the doctors as not credible. These arguments misconceive our appellate role in this case.

We find no abuse of discretion by the trial judge. Our conscience is not shocked, nor are we even persuaded that any injustice has been done the defendants. Cf. International Paper Co. v. Busby, 182 F.2d 790 (5th Cir. 1950). The amount of the verdict, after remittitur, is supported by substantial evidence. The defendants, having been to the well once and secured a reduction of almost forty percent of the jury verdict, make their second journey to the well in this court. They have been at least fairly, and perhaps well, treated at the hands of the district judge.

Affirmed.

2. Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804 Part I.