Wilbur J. COHEN, Secretary of Health, Education and Welfare, Appellant,

v.

Pedro PERALES, Appellee.

No. 26238.

United States Court of Appeals Fifth Circuit.

Oct. 10, 1969.

Ted Butler, Asst. U. S. Atty., Ernest Morgan, U. S. Atty., San Antonio, Tex., Michael C. Farrar, Kathryn H. Baldwin, Attys., Dept. of Justice, Washington, D. C., for appellant.

Michael B. Hunter, Richard Tinsman, Anthony J. Ferro, San Antonio, Tex., for appellee.

Lonnie W. Duke, Arthur L. Schiff, San Antonio, Tex., for amicus curiae.

ON PETITION FOR REHEARING AND PETITION FOR REHEAR-ING EN BANC

Before COLEMAN and GOLDBERG, Circuit Judges, and SKELTON, Judge of the Court of Claims.*

PER CURIAM:

Attorneys representing the administrative Law Section of the American Bar Association have filed an Amicus Curiae Brief in this case in which they urge the court to modify its opinion so as to hold that the Administrative Procedure Act applies to and governs hearings on disability claims under social security legislation, and especially with respect to the right to cross-examination.[1] We have carefully considered this brief, but have concluded that our decision in our original opinion is correct in this regard.

The Secretary of HEW has filed a Petition for Rehearing and a Suggestion of Rehearing En Banc. He has apparently misconstrued our opinion because the main thrust of his Petition for Rehearing is to the effect that under our decision uncorroborated hearsay evidence could

---

* Sitting by designation as a member of this panel.

1. This Amicus Curiae Brief was filed on behalf of the American Bar Association pursuant to authorization of its Board of Governors. Another Amicus Curiae Brief was filed by the Federal Trial Examiners Conference, which was duly considered.

never be substantial evidence that would support a decision of a hearing examiner adverse to a claimant in a social security disability case. Because of this erroneous interpretation of our opinion, the Secretary raises the spectre of a large increase in the number of cases of this kind that would have to be litigated in Court because of our opinion. He intimates that our decision would require medical witnesses of the HEW as well as those of the claimant to always testify in person at the hearing. All of these positions are unfounded.

Our opinion holds, and we reaffirm, that mere uncorroborated hearsay evidence as to the physical condition of a claimant, standing alone and without more, in a social security disability case tried before a hearing examiner, as in our case, is not substantial evidence that will support a decision of the examiner adverse to the claimant, if the claimant objects to the hearsay evidence and if the hearsay evidence is directly contradicted by the testimony of live medical witnesses and by the claimant who testify in person before the examiner, as was done in the case at bar. This is especially true if the claimant requests that the absent medical witnesses of the HEW who authored the hearsay evidence, be subpoenaed to testify at the hearing and the examiner fails or refuses to summon them.

When these conditions are not present, there is nothing to prevent an examiner from basing his decision, which is adverse to the claimant, on hearsay medical evidence, if such evidence has sufficient probative force to support his decision.

We are not impressed with the Secretary's argument that our opinion will cause an increased number of social security disability cases to be filed in court, as we do not believe this will happen. But even if this should be the result, it would not be persuasive. If it should become necessary for the courts to try more of these cases in order to dispose of all of them in accordance with law, they will not shirk their responsibility in this regard. We realize that the HEW is required to handle thousands of these cases each year and is no doubt anxious to simplify the procedure for disposing of them. However, each case is different from the next one and must be tried and decided on its particular facts and according to law. It is not possible for a case of this kind to be decided through a stereotyped procedure that resembles the working of a computer. A social security disability claimant and his employer have paid for his coverage under the social security law whether they wanted it or not. He should not be denied the benefits of this law solely by hearsay evidence under the conditions outlined in our opinion.

The Secretary contends that if medical witnesses are required to testify in person, this will increase the costs of the hearings and many of them will refuse to serve. If the costs are increased, they will be paid out of the social security trust fund to which the claimant has contributed. This is one of the purposes of the fund. If a doctor refuses to serve, another can be obtained. Litigants in other types of personal injury and disability cases manage to acquire the evidence of medical witnesses. There is no reason to excuse the HEW from this requirement in a proper case. These arguments involve details that have little if anything to do with the merits of the case before us.

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.