Freeman A. **BURDETT**, Plaintiff-
Appellant,

v.

Robert H. **FINCH**, Secretary of Health,
Education and Welfare, Defendant-
Appellee.

No. 28561

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 7, 1970.

William I. Aynes, Paul C. Myers, Atlanta, Ga., for plaintiff-appellant.

John W. Stokes, Jr., U. S. Atty., Atlanta, Ga., Kathryn H. Baldwin, Robert R. Donlan, Thomas J. Press, Attys., U. S. Dept. of Justice, Washington, D. C., for defendant-appellee.

Before THORNBERRY, CLARK and INGRAHAM, Circuit Judges.

PER CURIAM.

Freeman A. Burdett brought this action to obtain judicial review [1] of the determination by the Secretary of the Department of Health, Education and Welfare that Burdett was not entitled to disability insurance benefits or to a period of disability.[2] The district court granted summary judgment in favor of the Secretary.[3] We affirm.

Section 205(g) of the Social Security Act provides that "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *" 42 U.S.C. § 405 (g) (1964). "The primary function of this Court, therefore, is not to reweigh the evidence, but to determine whether there is substantial evidence to support the Secretary's decision." Gray v. Secretary of Health, Education & Welfare, 5th Cir. 1970, 421 F.2d 638; Martin v. Finch, 5th Cir. 1969, 415 F.2d 797; Rome v. Finch, 5th Cir. 1969, 409 F.2d 1329, cert. denied, 396 U.S. 943, 90 S.Ct.

---

1. Social Security Act § 205(g), 42 U.S. C.A., § 405(g) (1964).

2. Social Security Act §§ 216(i), 223, 42 U.S.C. §§ 416(i), 423 (1964), as amended (Supp. IV, 1969).

3. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits

that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. *See* Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5th Cir. 1969, 417 F.2d 526, Part I.

379, 24 L.Ed.2d 244; Labee v. Cohen, 5th Cir. 1969, 408 F.2d 998.

The Secretary found from the medical evidence that Burdett was suffering from osteoarthritis, lumbosacral disc disease, and hypertension. The medical reports from six different sources fully support this finding but present a conflict on the issue of severity.

An internist and a general practitioner were of the opinion that the impairments were moderately severe, while an orthopedic surgeon was of the opinion that there was only a mild degree of impairment. A consultant psychologist found that claimant was not sufficiently emotionally intact to be able to work gainfully and recommended that he be given psychotherapy. A psychiatrist found no emotional overlay to claimant's symptoms and considered that he was "not a realistic vocational candidate unless a position could be found whereby he could work at his own speed for varying lengths of time with ample opportunity for rest and where he would not have to stand, walk, or sit for any extended period."

As has been pointed out previously, it is solely within the province of the Secretary to resolve such conflicts and to choose one view over the other.

The vocational evidence likewise produced questions for resolution by the Secretary. When Burdett was given vocational testing at the Atlanta Employment Evaluation and Service Center, the evaluator found that Burdett could perform, notwithstanding his physical and mental condition, jobs as security guard, used car salesman, specialty outside salesman, self-operated shop selling fishing gear and bait. The evaluator also indicated that Burdett's problem was primarily motivational, in that he was having difficulty in finding motivation towards "a vocational goal," but that he could overcome the problem. Notwithstanding the above finding of employability, Burdett later was placed in a closed unemployed status. No doubt the Secretary was influenced by an even

later report received after the hearing before the Examiner of the Employment and Evaluation Center that Burdett had begun working as a part-time encyclopedia salesman, earning an average of $30 per week, and was performing such chores as grass cutting and bookcase making. This latest report confirmed the Center's earlier view that Burdett did have the ability to work as a salesman and was capable of overcoming his motivational difficulty.

After a careful review of the record, including the administrative transcript, we agree with the district court that the findings made by the Secretary are supported by substantial evidence and that the Secretary applied the proper legal standards.

The judgment is affirmed.