**William T. CROSS, Plaintiff-Appellant,**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 29341**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

June 10, 1970.

William T. Cross, pro se.

Charles L. Goodson, U. S. Atty., Atlanta, Ga., Kathryn H. Baldwin, Robert M. Feinson, Attys., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

AINSWORTH, Circuit Judge.

■ William T. Cross commenced this action under section 205(g) of the Social Security Act, 42 U.S.C. § 405 (g) (1964), to obtain judicial review of the determination by the Secretary of Health, Education and Welfare that Cross was not entitled under the Act to either a period of disability or disability insurance benefits. *See* Social Security Act §§ 216(i), 223, 42 U.S.C. §§ 416(i), 423 (1964), as amended (Supp. IV, 1969). The District Court granted a summary judgment in favor of the Secretary, and Cross appeals pro se. We affirm.[1]

The Secretary denied Cross's claim on the grounds that, during the period in which Cross last met the special earnings requirements of the Social Security Act, he (1) "did not suffer from an impairment or a combination of impairments of sufficient severity to preclude substantial gainful activity for a long, continuous and indefinite period of time or a continuous period of 12 months or more, or that would result in death," and (2) "did not suffer from an impairment or a combination of impairments of sufficient severity to preclude" his engagement in, among other jobs, the positions of stapler and collator in a hospital, packer of pencils, and hospital laundry aide assigned to the task of folding towels and sheets.

Cross makes three contentions on this appeal. He argues, first, that the Secretary's denial of disability benefits is not supported by substantial evidence. Secondly, he argues that certain evidence was improperly received at the administrative hearing on his claim. Finally, he asserts that his lack of representation by a lawyer at the hearing requires a remand of this case to the Secretary. We

---

1. We have concluded on the merits that this case is of the character that does not justify oral argument. Therefore, we have directed the Clerk to place the case on the Summary Calendar and to notify the parties of this action in writing. 5 Cir.R. 18; *see* Huth v. Southern Pacific Co., 5 Cir., 1969, 417 F.2d 526, 527–530; Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, 805–808.

consider these contentions to be without merit.

Section 205(g) of the Social Security Act provides in part that "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *." 42 U.S.C. § 405(g) (1964). The function of federal courts in cases such as this, we have said, "is not to re-weigh the evidence but to determine whether there is substantial evidence to support the Secretary's decision." Rome v. Finch, 5 Cir., 1969, 409 F.2d 1329, 1330; Martin v. Finch, 5 Cir., 1969, 415 F.2d 793; Gray v. Secretary of Health, Education and Welfare, 5 Cir., 1970, 421 F.2d 638.

██ All the medical evidence in the record here indicates that Cross, although suffering from a heart condition, was not so impaired that he was unable during the period in issue to engage in any substantial gainful activity. Having carefully reviewed the record, we are convinced that reasonable men could conclude that Cross, during the time in which he enjoyed the status of an insured under the Social Security Act, was not disabled within the meaning of the Act. There is ample evidence in the record to support the finding that Cross was able to engage in light work. Consequently, we are not free to overturn the Secretary's denial of benefits to Cross on the ground that the evidence supporting the crucial finding of "no disability" is not substantial.[2]

█ In the administrative hearing on Cross's claim, the examiner received as evidence a letter written by the doctor who had first treated Cross for heart trouble. Cross argues that this letter should not have been admitted because it was incorrectly dated. This argument is frivolous. At most, the error affected only the weight of the evidence, not its admissibility. See also Social Security Act § 205(b), 42 U.S.C. § 405(b) (1964).

█ Cross next argues that the hearing examiner should not have relied upon an opinion letter written by another doctor as grounds for concluding that Cross was not "disabled" within the meaning of the Social Security Act. This opinion letter was received by the examiner as a response to a request the examiner had made of the doctor for an evaluation of the medical reports on Cross's condition. Cross contends that reliance upon this letter was improper because he did not receive a copy of the examiner's letter of request and did not have an opportunity to cross-examine the consulted doctor. This contention is also without merit. During the hearing the examiner asked Cross whether he objected to the making of a report by a medical advisor, and Cross neither objected nor requested an opportunity for cross-examination. Since Cross had the right under the Secretary's regulations, 20 C.F.R. § 404.926 (1969), to request that the doctor be subpoenaed, but failed to make such a request, he cannot complain at this stage that he was denied the right to cross-examine the doctor. E. g., Cohen v. Perales, 5 Cir., 1969, 412 F.2d 44, 51, rehearing denied, 416 F.2d 1250. Since Cross was not only aware of the procedure that was to be followed in obtaining the opinion letter, but also received a summary of the examiner's letter of request at a time when he could still have requested that the doctor be subpoenaed, 20 C.F.R. § 404.926 (1969), he was not prejudiced by not having earlier received a copy of the letter of request.

█ We consider, finally, the claimant's argument that his lack of counsel at the administrative hearing requires a remand of this case to the Secretary.

---

2. That all the medical evidence in this case was submitted in the form of written reports does not require a different result under this Court's holding in Cohen v. Perales, 5 Cir., 1969, 412 F.2d 44, rehearing denied, 416 F.2d 1250, since the preconditions to the *Perales* result are not present here. Cross did not request that absent medical witnesses be subpoenaed, and the reports were not contradicted by the testimony of "live medical witnesses." Breaux v. Finch, 5 Cir., 1970, 421 F.2d 687, 689.

The record shows that Cross was given written notice that he could be represented by a lawyer of his choosing at the hearing and that he was orally informed of this fact at the hearing itself. He then chose to forego representation by a lawyer. We conclude that his lack of representation does not warrant a remand under the circumstances here. Cross received a full and fair hearing, and there has been no showing of such a clear prejudice or unfairness to Cross caused by his lack of counsel as would warrant a reconsideration of his claims by the Secretary. *See* Domozik v. Cohen, 3 Cir., 1969, 413 F.2d 5; Steiner v. Gardner, 9 Cir., 1968, 395 F.2d 197. The summary judgment in favor of the Secretary was correct.

Affirmed.