**Whitney RATLIFF, Plaintiff-Appellant,**

**v.**

**Elliott L. RICHARDSON, as Secretary of Health, Education and Welfare of the United States, Defendant-Appellee.**

**No. 30709**

**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

June 24, 1971.

William C. Davis, Jr., John B. L'Engle, Jacksonville, Fla., for plaintiff-appellant.

John L. Briggs, U. S. Atty., Middle District of Florida, John D. Roberts, Asst. U. S. Atty., Jacksonville, Fla., for defendant-appellee.

Before GEWIN, GOLDBERG, and DYER, Circuit Judges.

PER CURIAM:

Whitney Ratliff commenced this action under section 205(g) of the Social

---

\* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Security Act, 42 U.S.C.A. § 405(g), to obtain judicial review of the determination of the Secretary of the Department of Health, Education and Welfare that Ratliff was not entitled to either a period of disability or disability insurance benefits under Social Security Act §§ 216(i), 223, 42 U.S.C.A. §§ 416(i), 423. The Secretary, following a hearing before a hearing examiner and a denial of review by the Appeals Council, denied Ratliff's claim on the ground that Ratliff's diagnosed impairments did not "disable" him within the meaning of the Act. The district court on motion for summary judgment affirmed, and Ratliff appeals to this court.

Section 223(d) (1) (A) of the Act, 42 U.S.C.A. § 423(d) (1) (A), defines "disability" as:

" * * * inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. * * * "

Section 223(d) (2), 42 U.S.C.A. § 423(d) (2), further provides:

"For purposes of paragraph (1) (A)

(A) an individual (except a widow, surviving divorced wife, or widower for purposes of Section 402(e) or (f) of this title) shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether

he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country."

Finally, according to section 223(d) (3), 42 U.S.C.A. § 423(d) (3):

"For purposes of this subsection, a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."

Ratliff, who is forty-one years old, claims that he is unable to engage in "any substantial gainful activity" within the meaning of section 223(d) because of numerous ailments from which he suffers. These impairments, Ratliff states, include polycythemia, arteriosclerosis, extosis, osteoarthritis, spondylolisthesis, and the total loss of the use of his right hand due to an accident. In support of his disability claim and in order to prove the existence and severity of these impairments, Ratliff points to the testimony of two doctors, the documentation describing his extensive hospitalizations, and the determination by both the Veterans Administration and Ratliff's former employer, Armco Steel Corporation, that he is entitled to disability pensions. In opposition, the Secretary relies on other medical evidence in the record, including written summaries of medical examinations initiated by the Secretary, which support the view that the impairments which Ratliff has medically established are not of sufficient severity to preclude him from engaging in some form of "substantial gainful activity." There is, therefore, a conflict in the medical evidence, and section 205(g) [1] of the Act instructs us that such conflicts are to be

---

1. Section 205(g), 42 U.S.C.A. § 405(g), provides in part that "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. * * * "

resolved by the Secretary. *E. g.*, Burdett v. Finch, 5 Cir. 1970, 425 F.2d 687; Martin v. Finch, 5 Cir. 1969, 415 F.2d 793; Rome v. Finch, 5 Cir. 1969, 409 F. 2d 1329, cert. denied, 396 U.S. 943, 90 S.Ct. 379, 24 L.Ed.2d 244. While we would perhaps have reached a different result if entrusted *de novo* with the power of decision, we cannot conclude that the Secretary's resolution of the conflicting evidence and his ultimate conclusions derived therefrom are not based upon substantial evidence.

Ratliff, however, argues that our decision in Cohen v. Perales, 5 Cir. 1969, 412 F.2d 44, rehearing denied, 416 F.2d 1250, precluded the Secretary from supporting his decision solely upon the written, hearsay medical statements of examining doctors since those statements were in conflict with the live medical testimony adduced by Ratliff. It is true that in *Perales* we held that written hearsay reports of examining physicians could not constitute substantial evidence when the claimant objected to those reports and when the hearsay was directly contradicted by the testimony of live medical witnesses and the claimant in person. Since submission of the present case, however, the Supreme Court has reversed our decision in *Perales* and held that:

> "a written report by a licensed physician who has examined the claimant and who sets forth in his report his medical findings in his area of competence may be received as evidence in a disability hearing and, despite its hearsay character and an absence of cross-examination, and despite the presence of opposing direct medical testimony and testimony by the claimant himself, may constitute substantial evidence supportive of a finding by the hearing examiner adverse to the claimant, when the claimant has not exercised his right to subpoena the reporting physician and thereby

provide himself with the opportunity for cross-examination of the physician." Richardson v. Perales, 1971, 402 U.S. 389, 402, 91 S.Ct. 1420, 1428, 28 L.Ed.2d 842.

 Since Ratliff did not exercise his right of subpoena,[2] his argument that the hearsay reports cannot constitute substantial evidence as a matter of law is without merit.[3] It was therefore within the discretion of the Secretary, as fact finder, to credit those reports, and we conclude that the reports provide a basis for the Secretary's decision. The determination that Ratliff is not disabled under the Social Security Act is accordingly affirmed.

---

2. This right of the claimant to request the issuance of subpoenas is provided by 20 C.F.R. § 404.926.

3. Indeed, Ratliff does not even fit within the contours of our now discredited rule in *Perales*, since he failed to object to the admission of the hearsay reports.