**Evans KNOTT**

v.

**Robert W. FINCH, Secretary of Health, Education and Welfare.**

**Civ. A. No. 14138.**

United States District Court,
W. D. Louisiana,
Opelousas Division.

Nov. 11, 1971.

Armand J. Brinkhaus, Sunset, La., for plaintiff.

Donald E. Walter, U. S. Atty., Leven H. Harris, Asst. U. S. Atty., Shreveport, La., for defendant.

NAUMAN S. SCOTT, District Judge:

The plaintiff brings this action under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare that the plaintiff was not entitled, under Section 216(i) of the Act, 42 U.S.C. § 416(i), to the establishment of a period of disability or under Section 223 of the Act, 42 U.S.C. § 423 to disability insurance benefits. This case was remanded to the Secretary for rehearing, at which time the plaintiff introduced further medical evidence into the record. The Secretary now seeks summary judgment.

The plaintiff last met the special earnings requirements of the Act on December 31, 1966. He alleges in his complaint that he was, at that time, disabled within the meaning of the Act, by virtue of a back injury which he sustained on September 26, 1965 * * * "superimposed upon a pre-existing low back or other defect of his spinal column, coupled with prior industrial injuries which he has received throughout the course of his life".

The scope of this Court's review is limited to determining whether there is substantial evidence to support the findings of fact by the Secretary. It is not the function of the Court to "reweigh

the evidence", but to determine if there is, indeed, substantial evidence to support the Secretary's finding. Rome v. Finch, 409 F.2d 1329 (5th Cir. 1969); Knox v. Finch, 427 F.2d 919 (5th Cir. 1970); Cross v. Finch, 427 F.2d 406 (5th Cir. 1970).

Section 223(d) (2) (A) of the Social Security Act, 42 U.S.C. § 423(d) (2) (A) provides:

"An individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. * * * "

The Social Security Act defines disability in Sections 216(i) (1) and 223(d) (1), 42 U.S.C. §§ 416(i) (1) and 423(d) (1) as the: " * * * inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months."

The record contains reports, statements and depositions of no less than twelve different physicians, eight of whom are specialists in orthopedic medicine and two of whom are neurological surgeons. These items vary widely in their analysis of the injury sustained by the plaintiff and his degree of disability. There are apparently serious difficulties to be encountered in evaluating this type of medical situation. The diagnostic techniques involved included a complete myelogram. Yet the medical evidence in the record is in hopeless conflict. However, it is clear that a large measure of that evidence is in support of the findings of the Secretary, in fact, the vast majority of it falls in this category.

Conflicts in the evidence are to be resolved by the trier of facts. Burdett v. Finch, 425 F.2d 687 (5th Cir. 1970); Stilwell v. Cohen, 411 F.2d 574 (5th Cir. 1969); Wyatt v. Ribicoff, 211 F.Supp. 928 (W.D.La.1962). The Hearing Examiner has, in this matter, resolved the conflict in the evidence in favor of the Social Security Administration. As previously stated, it is not the function of this Court to "weigh" the evidence to determine its correctness, only to ascertain whether it exists in a substantial amount. In view of the aforementioned definition of disability, it is clear that the medical evidence offers to the Hearing Examiner and the Secretary a more than substantial basis for their ruling.

The motion for summary judgment is granted.