**Vernal J. GUILLORY**

v.

**Elliot L. RICHARDSON, Secretary of Health, Education and Welfare.**

**Civ. A. No. 16649.**

United States District Court,
W. D. Louisiana,
Opelousas Division.

March 8, 1972.

Preston N. Aucoin, Ville Platte, La., for plaintiff.

Donald E. Walter, U. S. Atty., and Leven H. Harris, Asst. U. S. Atty., Shreveport, La., for defendant.

NAUMAN S. SCOTT, District Judge:

The plaintiff brings this action under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare that the plaintiff was not entitled, under Section 216(i) of the Act, 42 U.S.C. § 416(i), to the establishment of a period of disability or under Section 223 of the Act, 42 U.S.C. § 423 to disability insurance benefits. Both parties seek summary judgment.

The plaintiff contends that he is entitled to benefits because his poor eyesight renders him disabled within the meaning of the Act. The question is purely one of the extent of his disability. The claimant met the special earnings requirements of the Act in 1966 when he allegedly became disabled and will continue to meet these requirements through December 31, 1973. His initial application in the instant matter was filed on July 22, 1970.

The Act provides in Section 216(i) (1), 42 U.S.C. § 416(i) (1):

". . . the term 'disability' means . . . (B) blindness; and the term 'blindness' means central visual acuity of 20/200 or less in the better eye with the use of a correcting lens."

The plaintiff clearly does not fall within this provision. The medical evidence in the record consists of reports from an optometrist and an ophthalmologist, both of whom agree, that while the plaintiff is blind in his left eye, the visual acuity in his right eye is 20/200 without glasses and 20/30 to 20/40 with them. The plaintiff therefore must bring his claim within Section 223(d) (2) (A) of the Act, 42 U.S.C. § 423(d) (2) (A), which provides:

"An individual . . . shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his pre-

vious work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work . . ."

■■ The scope of this Court's review is limited to determining whether there is substantial evidence to support the findings of fact by the Secretary. It is not the function of the Court to "reweigh the evidence", but to determine if there is, indeed, substantial evidence to support the Secretary's findings. Rome v. Finch, 409 F.2d 1329 (5th Cir. 1969); Knox v. Finch, 427 F.2d 919 (5th Cir. 1970); Cross v. Finch, 427 F. 2d 406 (5th Cir. 1970). Substantial evidence on which a finding of fact may be based is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion and it must be based on the record as a whole. It means more than a mere scintilla of evidence, but may be less than a preponderance. Celebrezze v. Bolas, 316 F.2d 498 (8th Cir. 1963); Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964). In this matter it is clear from the record that substantial evidence exists that is in support of the Secretary.

The plaintiff stated that his eye problem had existed since early childhood. (Tr. 36). Despite this, his work record indicates some fourteen years employment with the Calcasieu Paper Company (Tr. 29). The reports of the optometrist (Tr. 92–94) and the opthalmologist (Tr. 62–63) indicate that the plaintiff is not disabled within the meaning of the Act. Dr. St. Dizier, the ophthalmologist, indicated that the plaintiff should be able to engage in work activity except around dangerous machinery. Dr. Harvey, the optometrist, actually accused the plaintiff of malingering with regard to his eyesight. Work activity reports (Tr. 87 and Tr. 89) indicate that the plaintiff worked for Brown and Root Construction Company from April of 1968 through September of 1968, and August of 1968 through October of 1969 (twelve hours per day, seven days per week), and that he worked for the Town of Ville Platte as a laborer from May of 1970 through July 17, 1970. The plaintiff had filed a previous application for benefits on October 22, 1968. The plaintiff reported on four occasions to the Opelousas Social Security Office where he was observed during the interview process by the interviewer. He was observed to get around without any significant visual difficulty. (Tr. 56, 58, 83, 86). At the time of the hearing the plaintiff was living alone. (Tr. 28).

On the other side of the coin, the testimony of the vocational expert, Dr. George Hearn (Tr. 40–42) indicates that the plaintiff is incapable of performing any work whatsoever. There is also a brief statement by the Mayor of Ville Platte, Mr. Harold Bordelon, that the City could not employ the plaintiff because of his eyesight. (Tr. 91).

Conflicts in the evidence are to be resolved by the trier of facts, that is, the Hearing Examiner. Burdett v. Finch, 425 F.2d 687 (5th Cir. 1970); Stilwell v. Cohen, 411 F.2d 574 (5th Cir. 1969); Wyatt v. Ribicoff, 211 F.Supp. 928 (W. D.La.1962). In this matter, the Hearing Examiner has resolved the conflict in the evidence against the plaintiff, As previously stated, it is not the function of this Court to "weigh" the evidence, but to determine if it exists in the requisite amount. Although there is some evidence indicating that the plaintiff is entitled to receive benefits, evidence to the contrary exists in a substantial amount.

The motion for summary judgment filed on behalf of the plaintiff is denied. The motion for summary judgment filed on behalf of the defendant is granted.