Mrs. Louise S. PETERS, Plaintiff,

v.

Caspar W. WEINBERGER, Secretary of Health, Education & Welfare, Defendant.

No. 73–707 Civ–J–T.

United States District Court, M. D. Florida, Jacksonville Division.

June 18, 1974.

James A. Bledsoe, Jr., Mahoney, Hadlow, Chambers & Adams, Jacksonville, Fla., for plaintiff.

Asst. U. S. Atty. Manuel Menendez, Jr., Jacksonville, Fla., for defendant.

## MEMORANDUM OPINION

TJOFLAT, District Judge.

This action is brought by plaintiff pursuant to Section 205(g) of the Social Security Act, Title 42, United States Code, Section 405(g), to obtain court review of a final decision of the Secretary of Health, Education and Welfare on a claim for widow's insurance benefits under sections 202(e) and 216(c) of the Act. 42 U.S.C. §§ 402(e), 416(c). The case is now before this Court pursuant to opposing motions for summary judgment filed by the parties. The issues have been thoroughly briefed by the parties and argued orally to the Court.

Plaintiff filed an application for widow's insurance benefits on January 11, 1972. Her application was denied initially and on reconsideration by the Bureau of Retirement and Survivors Insurance of the Social Security Administration. An administrative law judge considered the case *de novo,* and on January 17, 1973 found that the plaintiff was not entitled to widow's insurance benefits under the Act. This decision became the final decision of the Secretary in this case when it was approved by the Appeals Council on July 20, 1973. In this final decision it was found that the plaintiff and the deceased wage earner had not entered into a valid common law marriage under Florida law prior to January 2, 1968, when common law marriages were statutorily abolished in Florida. Hence, plaintiff was held to be ineligible for widow's insurance benefits under the applicable provisions of the Act.

Plaintiff now comes before this Court seeking to overturn the final decision of the Secretary on the following grounds:

1) That the administrative law judge applied an erroneous legal standard in determining whether a common law marriage existed between plaintiff and Herman Peters;

2) That the decision of the administrative law judge is not supported by substantial evidence;

3) That a presumption of marriage arose from plaintiff's evidence which defendant failed to rebut;

4) That the administrative law judge committed reversible error by wrongfully placing the burden of proof upon plaintiff after a prima facie case was established.

Upon consideration of the record of the administrative proceedings and the thorough briefs filed by the parties, it is the opinion of this Court that plaintiff's contentions must be rejected and the decision of the administrative law judge upheld.

Plaintiff's first contention is that the administrative law judge applied an erroneous legal standard in not considering evidence of cohabitation and repute as probative upon the question of whether plaintiff and the deceased wage-earner had mutually exchanged words of present assent. Plaintiff cites the statement of the administrative law judge that:

"Neither cohabitation and repute nor circumstance can establish common-law marriage unless there was mutual agreement by words of present assent." (Tr. 38).

Plaintiff contends that this statement, together with the fact that the judge at one point in his opinion stated that:

"Here, the very best evidence of whether or not Herman Peters considered himself married to the claimant is contained in his application for benefits filed in May, 1968. At that time he considered himself to be single not married,"

and the fact that the recital of findings by the judge fails to deal specifically with the evidence of cohabitation and repute show that the administrative law judge applied an erroneous legal standard in determining whether a common law marriage existed.

The memorandum filed on plaintiff's behalf goes to great lengths to es-

Begin.**296**

tablish the legal principle that the present mutual assent necessary to establish a common law marriage under Florida law may be established inferentially by evidence of cohabitation and community reputation when mutual assent cannot be proven or disproven by direct testimony, and that plaintiff has presented evidence sufficient to infer words of present mutual assent. The Court agrees in substance with plaintiff's statement of the law as far as it goes. Jordan v. Jordan, 89 So.2d 22 (Fla.1956); Carretta v. Carretta, 58 So.2d 439 (Fla.1952). However, the Court cannot agree with plaintiff's assertion of the application of that principle to the instant case.

■ Plaintiff in her application for widow's benefits indicated that she and the deceased wage earner were married in 1929; that the deceased had said they "would get married in a ceremony if he decided to stay in Jacksonville"; and that they agreed they would live together "as long as he was living in Jacksonville" (Tr. 114). No marriage ceremony was performed because they "just kept . . . putting it off" (Tr. 115). An express future condition either as to the creation of the marriage status or the duration of the relations of the parties is fatal to a claim of marriage formed by words of present assent. Marsicano v. Marsicano, 79 Fla. 278, 84 So. 156, 159 (1920). In reviewing the decision below this Court finds two of the "Findings" of the administrative law judge to be particularly important.

(4) There is an absence of persuasive credible evidence to establish that prior to January 2, 1968 (when common-law marriage was abolished in Florida) Herman Peters and Louise Sanders actually entered into a mutual agreement to become husband and wife.

(5) The evidence of record establishes that sometime prior to January 2, 1968, Herman Peters and Louise Sanders agreed to live together as long as he remained in Jacksonville,

Florida. Further, that a ceremonial marriage would be undertaken at some indefinite future time. No ceremonial marriage was ever undertaken between the parties.

■ In finding number 5 the administrative law judge clearly found from highly probative evidence in the record —the plaintiff's own admissions made prior to the issues coming into sharp focus—that an agreement other than one to marry by words of present mutual assent existed between plaintiff and Herman Peters. In Finding number 4 the administrative law judge in effect rejected other evidence as not being *persuasive* and *credible* in the light of the other evidence upon which he made findings 1, 2, 3, 5 and 6. In this regard the administrative law judge was exercising his function of making credibility judgments and resolving conflicts in the evidence, and this Court's function is not to weigh the evidence again, but merely insure that the findings were supported by substantial evidence. *See, e. g.* McDowell v. Richardson, 439 F.2d 995 (6th Cir. 1971).

■ Although certain factual dissimilarities exist, the instant case is in many respects the same as Van Derven v. Van Derven, 105 So.2d 805 (3d D.C.A.1958), where the court found no common law marriage to exist. It is the opinion of this Court that in a case such as this one where there exists direct evidence as to the nature of the agreement of the parties the judge may reject other evidence which he finds to be less reliable, such as the evidence of cohabitation and repute upon which plaintiff relies, as not being persuasive and/or credible to rebut the direct evidence of the agreement and whatever other evidence the judge may find to be corroborative of such direct evidence. The transcript of the administrative proceedings at pages 3–10 demonstrates that the administrative law judge thoroughly reviewed the evidence before making his findings.

■ Plaintiff's second contention is that the decision of the administrative

law judge is not supported by substantial evidence. This contention is without merit. Plaintiff concedes that substantial evidence under 42 U.S.C. § 405(g) is properly defined as " . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion and it must be based upon the record as a whole. It means more than a mere scintilla of evidence, but may be less than a preponderance." Guillory v. Richardson, 338 F.Supp. 753, 755 (W.D.La.1972). Plaintiff's arguments that certain items of evidence are circumstantial, or the result of semantic confusion over the term married or single, or the result of a mistake go to the weight to be accorded such evidence, and were any one of these items the only evidence of the absence of a common law marriage it might be said that the decision of the judge below was not based upon substantial evidence. However, when all the items are taken together the evidence upon which the decision was based is clearly "substantial" within the meaning of the Act. Plaintiff contends that the statement "he said we would get married in a ceremony if he decided to stay in Jax" has no probative value since the existence of a marriage ceremony or other formality is not required in proving a common law marriage. It is true that a ceremony is not required, but the critical portion of that statement is the conditional element the words "if he decided to stay in Jax" imply. Although that statement taken alone might be considered to be somewhat ambiguous, the further statement that they agreed to live together "as long as he was living in Jacksonville" makes the agreement somewhat clearer. The agreement would seem clearly to have been one of a terminable nature, and arguably one subject to a condition precedent as well.

Plaintiff's third and fourth contentions are based upon the theory that a prima facie case of common law marriage was made out at some point in the proceedings. It is clear that the administrative law judge considered the prior utterances of the plaintiff in the original application as strong evidence of the lack of a mutual agreement to become husband and wife as required under the law of Florida, and this Court finds no error in the allocation of the burden of proof. In the instant case where there was direct evidence of the nature of the agreement the cases which plaintiff cites as to the establishing of a prima facie case based upon general reputation and cohabitation are inapposite.