Allen A. TUSING, Plaintiff,

v.

Caspar WEINBERGER, United States Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 74–208–E.

United States District Court,
N. D. West Virginia,
Elkins Division.

Oct. 16, 1975.

Richard W. Cardot, Elkins, W. Va., for plaintiff.

James F. Companion, U. S. Atty., Wheeling, W. Va., for defendant.

## MEMORANDUM ORDER

MAXWELL, Chief Judge.

Plaintiff, Allen A. Tusing, instituted this action for judicial review of a final decision of the Secretary of Health, Education, and Welfare denying his claim for black lung benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901 et seq.[1] Jurisdiction is founded on § 413(b) of the Act, 30 U.S.C. § 923(b), which incorporates the provisions of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). Plaintiff's claim for benefits was filed prior to December 31, 1973, and is therefore within the purview of Part B of the Act, 30 U.S.C. § 921 et seq. The sole issue presented for determination is whether the Secretary's decision is supported by substantial evidence. "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g); *Thomas v. Celebrezze*, 331 F.2d 541 (4th Cir. 1964); *Mounts v. Finch*, 304 F. Supp. 910, 913 (S.D.W.Va.1969).

 Plaintiff, to establish his right as a living coal miner to benefits under the Act, has the burden of showing that he was a coal miner, that he was totally disabled due to pneumoconiosis resulting from employment in the nation's coal mines, and that he filed a proper claim for benefits. 20 C.F.R. §§ 410.410(b)(1) and 410.201.

The Secretary concedes that plaintiff was a coal miner and that his May 15, 1970, application for benefits was properly and timely filed, but denies that Tusing was totally disabled due to pneumoconiosis. The Secretary's final decision was made on August 16, 1974, when the Appeals Council approved the administrative law judge's decision denying Tusing's claim.

30 U.S.C. § 921(a) and (b) provide that the Secretary shall ". . . make payments of [black lung] benefits in

---

1. 1972 amendments to the Act, cited as the Black Lung Benefits Act of 1972, were made effective retroactively to Decembr 30, 1969.

respect of total disability of any miner due to pneumoconiosis, . . .", and that "The Secretary shall by regulation prescribe standards for determining . . . whether a miner is totally disabled due to pneumoconiosis. . . ."

In enacting the Black Lung Benefits Act of 1972, Congress noticed the existence of a backlog of claims filed under the 1969 Act and recognized as a causal factor for the delay in their adjudication the lack of medical testing facilities and resources in the coal fields. The Congressional directive that the Secretary expedite processing of black lung claims is expressed at p. 2322, 1972 United States Code Congressional and Administrative News:

> . . . the Committee expects the Secretary to adopt such interim evidentiary rules and disability evaluation criteria as will permit prompt and vigorous processing of the large backlog of claims consistent with the language and intent of these [Black Lung Benefits Act of 1972] amendments.

The Secretary, in response to the Congressional mandate to expedite the adjudication of black lung claims, promulgated interim adjudicatory rules, 20 C.F.R. 410.490. The interim regulations impose less stringent standards for establishing disability due to pneumoconiosis than the requirements found in the permanent rules.

Plaintiff is presently 72 years of age, having been born April 27, 1903. He went to the eighth grade in school and has had no training, according to his testimony, unrelated to mining. The length of time plaintiff worked in the mines is not established with precision; in his application for benefits he claimed 30 years of employment, while at the hearing, plaintiff stated he was able to substantiate 24 years of employment as a coal miner, and that he had actually worked for a longer period. Plaintiff stated that he was a loader in underground mines during his entire employment period, and that he ceased working in 1950 because he was barred from working because of a lung and heart condition. Based on Plaintiff's testimony, the affidavits of three co-workers, and a statement of his earnings from the Social Security Administration, the administrative law judge found that Plaintiff had been employed in coal mines for at least ten years.

In his application for benefits, plaintiff described his disability as "shortness of breath." At the hearing conducted by the administrative law judge, plaintiff reiterated that he was "short-winded" and testified that he coughs and spits up "a bunch of slimy stuff and yellow looking." It was further developed that plaintiff was not, at the time of the hearing, taking any medication and that he had not been under medical treatment for his lungs since he ceased working in 1950.

Medical evidence in the record includes two x-rays of Tusing's chest. Dr. Joel Allen, a Board certified Radiologist, interpreted an x-ray dated June 24, 1970, to show no evidence of pneumoconiosis. Dr. J. C. Furnary, a Radiologist and Internist, found this same film to be of unreadable quality. Dr. B. H. Goerlich, a Radiologist, interpreted an x-ray taken June 24, 1971, to show no evidence of pneumoconiosis. Dr. L. J. Bristol, a Board certified Radiologist, reread the x-ray and found it to be negative for pneumoconiosis.

Results of a pulmonary function study made at The Golden Clinic, Elkins, West Virginia, on February 1, 1973, were forced expiratory volume ($FEV_1$) of 2.8 liters and a maximum voluntary ventilation (MVV) of 87 liters per minute.

Another pulmonary study made at the Davis Memorial Hospital on July 25, 1973, revealed an FEV, of 2.58 liters and an MVV of 74 liters per minute. Plaintiff is 69½ inches tall.

Among the interim adjudicatory criteria applicable to plaintiff's claim is 20 C.F.R. 410.490(b)(1)(ii) which establishes, *inter alia*, the interim presumption that a coal miner is totally disabled

due to pneumoconiosis if he has at least ten years of the requisite coal mine employment and ventilatory studies establish the presence of a chronic pulmonary disease as demonstrated by values equal to or less than:

| Height in inches | Equal to or less than— | |
| --- | --- | --- |
| | FEV$_1$ and MVV | |
| | [liters] | [liters per minute] |
| * * * | | |
| 70" | 2.5 | 100 |

Plaintiff's FEV$_1$ values of 2.8 liters and 2.58 liters are above the 2.5 liter function value and, with other studies, support the Secretary's finding that Tusing is not totally disabled due to pneumoconiosis.

Dr. H. L. Jellinek, a general practioner, examined plaintiff in 1964 and made a diagnosis of hypertensive cardiovascular disease and exogenous obesity. An x-ray of plaintiff's chest taken on December 31, 1963, was negative.

Plaintiff in his brief argues that this action should be remanded to the Secretary for rehearing assigning, among other reasons, his lack of representation by counsel at the hearing before the administrative law judge; he requests an opportunity " . . . to furnish additional evidence which might clear up any possible doubts . . . ."

Plaintiff was given written notice of his right to be represented by counsel of his choice at the hearing and was orally informed of this right at the outset of the hearing. Without more, the fact that plaintiff was not represented by counsel at the hearing does not justify remand. *Domozik v. Cohen,* 413 F.2d 5 (3d Cir. 1969); *Cross v. Finch,* 427 F.2d 406, 409 (5th Cir. 1970); cf. *Easley v. Finch,* 431 F.2d 1351, 1353 (4th Cir. 1970). The record here does not reflect that plaintiff was in any way prejudiced by lack of representation by counsel.

On the contrary, a careful examination of the record reveals that Tusing was given a full and fair hearing.

New and material evidence constitutes good cause for reopening a determination or decision. 20 C.F.R. 404.958. Plaintiff's statement is conclusionary, does not designate additional evidence to be offered, and is not sufficient to justify remand. *Hoss v. Gardner,* 403 F.2d 221 (4th Cir. 1968). The Court in *Deskins v. Ribicoff,* 232 F.Supp. 211 (S.D.W.Va.1964), held, at 213, that where the plaintiff's affidavit set forth no factual basis to justify a remand, the affidavit was ineffectual for the purposes sought. Here, plaintiff's request for remand not only fails to set forth a factual basis, it appears in his brief, not in affidavit form.

The Court in *Deskins* said further, " . . . The inquiry is not whether there is evidence to support a conclusion different from that reached by the Secretary, but whether there is substantial evidence to support the conclusion he *did* reach. We are not here concerned with whether we might have drawn a different conclusion from the evidence had we been the trier of fact, for such is not properly within our sphere of authority under the limitation imposed upon us by the statute."

The plaintiff has not sustained the burden of proving his entitlement to benefits under the requirements of the Act and the regulations promulgated thereunder. There is substantial evidence in the record to support the Secretary's decision denying Tusing's claim for benefits and it is accordingly

Ordered that the Government's Motion for Summary Judgment under Rule 56(b), Federal Rules of Civil Procedure, be, and the same hereby is, granted. It is further

Ordered that this civil action be removed from the docket of the Court.