David A. NICHOLSON, Plaintiff,

v.

F. David MATHEWS, Secretary Health, Education and Welfare, Defendant.

Civ. A. No. 76–30–E.

United States District Court,
N. D. West Virginia,
Elkins Division.

Feb. 17, 1978.

Charles E. Anderson and A. Blake Billingslea, Fairmont, W. Va., for plaintiff.

Stephen G. Jory, U. S. Atty., Elkins, W. Va., for defendant.

## MEMORANDUM ORDER

MAXWELL, Chief Judge.

Plaintiff, David A. Nicholson, instituted this action under 42 U.S.C. § 405(g) for review of a final decision of the Secretary of Health, Education, and Welfare, denying his claim for disability insurance benefits under the Social Security Act, 42 U.S.C. § 416(i) and § 423. The decision of the administrative law judge became the decision of the Secretary when it was affirmed by the Appeals Council on December 19, 1975. This action is before the Court on defendant's motion for summary judgment under Rule 56(b), Fed.R.Civ.P., and plaintiff's cross motion for summary judgment or, in the alternative, remand to the Secretary for further consideration. The positions of the parties are supported by briefs from counsel.

Plaintiff argues in his brief that the Secretary's decision is not supported by substantial evidence, that certain evidence (TR. 6–9) was not received and considered by the administrative law judge, and that plaintiff did not make a knowledgeable waiver of his right to appear and be represented by counsel at the hearing conducted by the administrative law judge.

With respect to the contention that certain evidence was not considered, plaintiff submitted to the Secretary two documents relating to x-rays by a letter of transmittal containing this sentence: "I'm sending, *again*, two exray [sic] paper's [sic] taken the 12/13/72 at the clinic in Fairmont." (emphasis supplied)

Although the said letter was not received by the Secretary until October 2, 1975, a week after the decision by the administrative law judge (TR. 15), there is in the record an x-ray report from Doctor Ray A. Harron of the Fairmont Clinic dated January 23, 1973 (TR. 54). This report is listed as Exhibit No. 13 along with other exhibits and documents contained in the record of this action (TR. 1).

The Appeals Council received and entered in the record an additional report by Doctor Thomas A. Haymond (TR. 71).

Plaintiff does not contend nor does the record indicate any evidence to be considered by the Secretary which was not in the record at the time of the Secretary's final decision on December 19, 1975. Plaintiff's brief does not mention new evidence nor any factual matter from which the conclusion can be reached that a remand for the taking of additional medical evidence would be fruitful to plaintiff's position. *Deskins v. Ribicoff*, 232 F.Supp. 211 (S.D.W. Va.1964).

■ Notice of hearing contained not only advice of plaintiff's right to be represented by counsel and other information relevant to the hearing, but also the administrative law judge's expression of preference that claimants in disability cases appear for observation and interrogation (TR. 18, 19). A careful reading of the record discloses a full and fair consideration of the evidence in the file by the administrative law judge and reflects no prejudice to plaintiff's cause by virtue of his failure to have appeared at a hearing or of his decision not to be represented by counsel at a hearing. In such circumstances remand is not warranted. *Cross v. Finch*, 427 F.2d 406 (5th Cir. 1970).

The Court has carefully considered evidence in the record relating to that part of plaintiff's motion which seeks remand based on allegations that the Secretary did not receive and consider certain evidence mentioned in plaintiff's brief, and that plaintiff's cause was prejudiced by his absence and that of counsel from an administrative hearing and finds the said contentions to be without merit.

The issue remaining to be determined is whether the Secretary's decision denying plaintiff's claim for disability insurance benefits is supported by substantial evidence. "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g); *Thomas v. Celebreeze*, 331 F.2d 541 (4th Cir. 1964).

The facts and the law of the case are stated in the decision of the administrative law judge (TR. 12–14) and are incorporated by reference in this memorandum order.

■ In his application for disability insurance benefits, plaintiff described his impairment as being "lung condition, heart trouble". Medical evidence in the record includes a pulmonary function study (TR. 53), the report of a chest x-ray (TR. 54), a report from Doctor David M. Murphy of the West Virginia Medical Center containing results of tests and examinations (TR. 57–65), and reports from Doctor Thomas A. Haymond (TR. 55, 56, 71). The administrative law judge considered the conflict in medical evidence (TR. 14) presented by Doctor Haymond's report that plaintiff ". . . is severely disabled to pneumoconiosis and pulmonary emphysema. Activities are restricted due to poor ventilation." (TR. 55). The administrative law judge weighed the evidence presented in Doctor Haymond's report against other medical evidence in the record, considered the degree of claimant's impairment in the light of his occupation as a carpenter, and found that Nicholson had not established "disability" within the meaning of the Act. (TR. 14, 15). Nicholson argues in his brief that the x-ray report from the Fairmont Clinic refutes the decision of the administrative law judge. A person "disabled" by pneumoconiosis, 30 U.S.C. § 921(c)(3), may not be "disabled" as defined by §§ 211(i) and 223 of the Social Security Act, 42 U.S.C. § 411(i) and § 423. The Court held in *Porter v. Richardson*, CCH UIR Par. 16,978 (S.D.W. Va.1972) that,

". . . the requirements one must meet to be considered totally disabled under this section [Federal Coal Mine and Health Safety Act] are entirely dissimilar to the criteria one must meet for total disability under §§ 211(i) and 223 of the Social Security Act, and the fact that the Secretary has awarded total disability under one section does not necessarily compel such a finding under the other."

■ *Laws v. Celebreeze*, 368 F.2d 640 (4th Cir. 1966) held, "Substantial evidence, it has been held, is evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." With respect to the district court's function in reviewing an administrative decision, the court held in *Snyder v. Ribicoff*, 307 F.2d 518, 520 (4th Cir. 1962),

"When there has been an administrative determination, however, whether in favor of the claimant or not, there is no right to have the District Court review the factual issues. The District Court is required to accept the administrative findings if supported by substantial evidence. That there may have been substantial evidence to support inconsistent findings has no bearing upon the District Court's inquiry. He must review the record as a whole, but not for the purpose of making independent findings. His task ends when he determines whether or not there is substantial evidence to support the administrative findings."

"Where the evidence was in conflict, or subject to conflicting inferences, it was for the Appeals Council on behalf of the Secretary to resolve such conflicts." *Gotshaw v. Ribicoff*, 307 F.2d 840, 845 (4th Cir. 1962).

The Court said in *Deskins v. Ribicoff, supra*, at p. 215:

The inquiry is not whether there is evidence to support a conclusion different from that reached by the Secretary, but whether there is substantial evidence to support the conclusion he *did* reach. We are not here concerned with whether we might have drawn a different conclusion from the evidence had we been the trier of fact, for such is not properly within our sphere of authority under the limitation imposed upon us by the statute.

The Court has carefully reviewed and considered the record as a whole and finds that there is substantial evidence to support the Secretary's final decision denying plaintiff benefits under the Act. It is therefore

ORDERED that plaintiff's CROSS-MOTION FOR SUMMARY JUDGMENT be, and the same hereby is, denied. It is further

ORDERED that defendant's MOTION FOR SUMMARY JUDGMENT under Rule 56(b), Fed.R.Civ.P., be, and the same hereby is, granted; it is further

ORDERED that this civil action be removed from the docket of the court.